Dorothea O'DRISCOLL, an individual, Plaintiff,

v.

HERCULES, INC., a Delaware Corporation, John F. Baker and Edward D. McDonald, Defendants.

Civ. No. C–89–297W.

United States District Court, D. Utah, C.D.

July 2, 1990.

---

John Paul Kennedy, Randall S. Feil, Salt Lake City, Utah, for plaintiff.

Keith E. Taylor, Spencer E. Austin, Douglas R. Davis, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on cross-motions for partial summary judgment. A hearing was held on June 1, 1990, at which the plaintiff was represented by Randall S. Feil and the defendants were represented by Keith E. Taylor, Spencer E. Austin and Douglas R. Davis. The court had carefully read the relevant documents submitted by the parties before the hearing, and at the conclusion of the hearing, the court took the motions under advisement. Having considered the matter further, the court now renders the following memorandum decision and order.

## BACKGROUND

Dorothea O'Driscoll was employed at Hercules' Bacchus Works in Magna, Utah from January 1980 to April 1986 at which time she was terminated. After her termination, O'Driscoll filed this action against Hercules alleging the violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, and the Fair Labor Standards Act. O'Driscoll also claims several violations of state law including breach of employment contract and wrongful discharge. Hercules maintains that O'Driscoll's termination was entirely unrelated to discrimination of any kind. Rather, the company claims that her termination was justified by O'Driscoll's serious misconduct. However, the present motions have nothing to do with the reasons for O'Driscoll's termination.

During preparation for trial, Hercules discovered evidence of O'Driscoll's misconduct that was unknown to it when she was terminated. Hercules claims that O'Driscoll misrepresented, among other things, her age on a pre-employment examination, an employment application, and a United States government "Application and Authorization for Access to Confidential Information." O'Driscoll admits making these misrepresentations but claims she did so only because she believed Hercules would discriminate against her if she revealed her true age. Hercules also alleges many other newly discovered misrepresentations by O'Driscoll during her employment at the company. In response to these additional allegations O'Driscoll claims either that she made further misrepresentations only to be consistent with her false age or that the accusations by Hercules amount to nothing more than simple misunderstandings.

## DISCUSSION

### I. *Standard of Review:*

The standard for this court to rule on summary judgment motions is set forth in Federal Rule of Civil Procedure 56(c). Summary judgment shall be granted when parties to a lawsuit do not dispute any material facts and judgment in favor of the moving party is appropriate as a matter of law. A moving party may demonstrate no material facts are disputed through "pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, demonstrates ... there is [no] evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party has carried this burden Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by ... affidavits or by the 'deposi-

tions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.[1] The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

To be considered the evidence must be admissible under the evidentiary standard that would be applied at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, however, this court does not weigh the evidence but instead inquires whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249, 106 S.Ct. at 2511.[2] To determine if sufficient evidence exists "the inferences to be drawn from the underlying facts [in the admissible record] ... must be viewed in the light most favorable to the [nonmoving] party." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (*quoting United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). Finally, any admissible facts asserted by the party opposing the motion that are not controverted must be regarded as true.

II. *The Motions for Summary Judgment:*

The Defendants' motion for partial summary judgment[3] does not seek a ruling that age discrimination played no part in its decision to terminate O'Driscoll. Rather, the defendant argues that under the principles set out in *Summers v. State Farm Mutual Automobile Ins. Co.,* 864 F.2d 700 (10th Cir.1988), the plaintiff has no remedy under the ADEA and Title VII. Hercules claims that if it had known the extent and nature of O'Driscoll's misconduct during her employment, it would have terminated her immediately. Hercules argues that under *Summers* the plaintiff has no remedy even if she could demonstrate age discrimination because the defendant has an independent basis for which the plaintiff would have been terminated. This is true, according to the defendant, even if the independent basis was unknown when O'Driscoll's termination took place.

Hercules further argues that although this rationale has not been applied under Utah law, this court should apply *Summers* to preclude the plaintiff's remedy for her breach of employment contract, wrongful discharge and Utah Antidiscrimination Act ("UADA") claims as well. Alternatively, the defendant argues that the breach of contract and wrongful discharge claims should be barred because the UADA provides the exclusive remedy for state discrimination claims and that the UADA claims should be barred because the plaintiff failed to exhaust her administrative remedies.

The plaintiff's motion for partial summary judgment resembles a motion in limine. The plaintiff asks this court to rule that as a threshold matter the *Summers* rationale does not apply to this case because O'Driscoll's "misconduct" was not "serious and pervasive" as was the plaintiff's conduct in *Summers.* On this basis the plaintiff argues that *Summers* is wholly inapplicable and neither state nor federal remedies should be precluded on this basis. The plaintiff further argues that she has exhausted her administrative remedies and that her breach of contract and wrongful discharge claims do not fall under the UADA because Hercules breached its em-

---

1. The summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id.*

2. "The mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512.

3. The defendants do not move for summary judgment on any of the plaintiff's claims against the individual defendants, Baker and McDonald. The defendants' motion also excludes several claims against Hercules.

ployment contract with O'Driscoll in ways unrelated to discrimination.

This court believes that the principles set out in *Summers* should be applied in the present case. In *Summers* the plaintiff employee was suspended without pay for two weeks for falsifying insurance documents. Upon returning, the plaintiff was warned that further problems of this type would result in termination. After several months the plaintiff was terminated for unrelated reasons according to the defendant. The plaintiff brought suit alleging age discrimination. During preparation for trial, the defendant discovered 150 new cases in which the plaintiff had falsified documents. Eighteen of these occurred after the plaintiff returned from suspension. The defendant moved for summary judgment arguing that even if discriminatory termination could be shown, the plaintiff should have no remedy since the defendant had an independent basis for terminating the plaintiff.

The Tenth Circuit affirmed the district court's summary judgment ruling in favor of the defendant stating:

> To argue, as Summers does, that this after-acquired evidence should be ignored is utterly unrealistic. The present case is akin to the hypothetical wherein a company doctor is fired because of his age, race, religion, and sex and the company, in defending a civil rights action, thereafter discovers that the discharged employee was not a "doctor." In our view, the masquerading doctor would be entitled to no relief, and Summers is in no better position. (Footnote omitted)

*Id.* at 708. The court did not address the reasons for the plaintiff's termination since the plaintiff "would be entitled to no relief" even if discriminatory termination were assumed: [W]hile such after-acquired evidence cannot be said to have been a "cause" for Summers' discharge in 1982, it is relevant to Summers' claim of "injury," and does itself preclude the grant of any present relief or remedy to Summers." *Id.*

 O'Driscoll's contention that an employee's misconduct must, as a threshold matter, be "serious and pervasive" be-

fore *Summers* applies is without merit. The "serious and pervasive" nature of an employee's misconduct, however, is not excluded from the *Summers* analysis entirely. An employer must show that misconduct was such that an employee would have been terminated had the employer known of the misconduct before or at the time of termination. This requirement prevents an employer from combing an employee's file after a discriminatory termination to discover minor, trivial or technical infractions for use in a *Summers* defense. On this motion for summary judgment Hercules must show that as a matter of law O'Driscoll would have been terminated had the company known of her misconduct. While there was no serious question in *Summers* that the employee would have been terminated if the employer had known of the employee's misconduct, the question is a closer one in the present case.

Although many of the misrepresentations alleged by Hercules have been characterized as "misunderstandings" by O'Driscoll, she admits to falsifying her age on several occasions, the ages of her children, the year of her high school graduation, and the fact that she had never previously applied for work at Hercules. Hercules has submitted affidavits by company management personnel to the effect that O'Driscoll would have been terminated immediately if the company had known of the misrepresentations to which O'Driscoll has admitted. Plaintiff argues that these affidavits are "self serving" and should not be accepted as conclusive by the court. However, not only is this testimony unrebutted, but it simply strains credulity to accept that any reasonable management personnel would have done otherwise had they known of her misrepresentations. O'Driscoll attempts in two ways to show that the company would not have terminated her.

First, O'Driscoll claims that Hercules has a company policy that requires that misconduct older than twelve months must be ignored when considering termination. Since the misstatements O'Driscoll admits making are older than twelve months, she argues the company would not have used

these incidents as the basis for termination. On careful examination, it is clear that the plaintiff misunderstands the company policy to which she appeals.

The policy is not a twelve month limitation period such that an employee cannot be made to answer for misconduct which is undiscovered for twelve months. Rather, according to information in the record and statements quoted by the plaintiff's counsel in oral argument, it is apparent that Hercules has a policy against using as a basis for termination, misconduct which it has known about for over twelve months. When the company has known about misconduct for twelve months and not taken any disciplinary action, it regards the misconduct as "ancient history."

In this way, it would be consistent with company policy to decline to terminate an employee for misconduct which occurred two years previously if the misconduct were discovered eighteen months earlier. The policy simply requires the company to either take action within twelve months of learning of misconduct or disregard the misconduct in future termination decisions. On the other hand, it would also be consistent with company policy to terminate an employee for misconduct which occurred ten years earlier if the company only recently learned of the misconduct. Since the situation in this case resembles the latter scenario, the company policy identified by the plaintiff would not protect her from termination.

Second, the plaintiff identifies several situations in which Hercules has failed to terminate employees despite known misconduct. However, the plaintiff's examples involve relatively minor infractions such as the improper use of sick leave and unauthorized absences. The plaintiff has identified no situation in which Hercules has failed to terminate an employee for behavior as serious as misrepresenting information on employment applications and on a request for a federal government security clearance. A factual question may exist if the present case involved abuse of Hercules' sick leave policy or similar behavior, but the plaintiff has offered no convincing reason to doubt Hercules' insistence that the company would have promptly terminated her. This court believes that there is no material question that Hercules would have terminated O'Driscoll under these circumstances.

■ Hercules has also moved for summary judgment on the plaintiff's claim based on the UADA and the claims for wrongful termination and breach of an employment contract. The defendant concedes that the principles in *Summers* have not been adopted by Utah courts as part of Utah law. "Where no state court has addressed clearly the substantive law of the state upon which summary judgment is granted, federal courts must predict how the state's highest court would rule." *Weiss v. United States,* 787 F.2d 518, 525 (10th Cir.1986). "The federal court should consider state court decisions, decisions of other states, federal decisions, and the general weight and trend of authority." *Armijo v. Ex Cam, Inc.,* 843 F.2d 406, 407 (10th Cir.1988).

Our research has revealed no indication that the Utah State Supreme Court would either adopt or reject the principles in *Summers.* Decisions from other jurisdictions are similarly unhelpful. *Summers* has been applied by a Kansas federal district court, *Mathis v. Boeing Military Airplane Co.,* 719 F.Supp. 991 (D.Kan.1989), and by the Seventh Circuit, *Powers v. Chicago Transit Auth.,* 890 F.2d 1355 (7th Cir.1989). *Compare Smith v. General Scanning, Inc.,* 876 F.2d 1315, 1319 (7th Cir.1989). Because of the soundness of the *Summers* approach and the absence of contrary indications, this court is of the opinion that the Utah State Supreme Court would apply *Summers* in the present case.

The *Summers* rationale applies to the plaintiff's claim under the UADA in precisely the same way as it applies to the ADEA and Title VII claims. *Summers* also provides a defense against the breach of contract and wrongful termination claims. Even if the plaintiff shows that Hercules breached its employment contract and terminated her wrongfully, this court believes she has no right to a remedy. It

would distort the purpose of these causes of action to allow a plaintiff to recover from an employer against whom the plaintiff had committed misconduct such that, had the employer known of the misconduct, the employer would certainly have terminated the plaintiff.

Accordingly, summary judgment is granted in favor of the defendants on the plaintiff's first, third and fifth claims against Hercules in the second amended complaint. The defendants are directed to prepare an appropriate judgment in accordance with this decision.