Norman Douglas **BRAY**, Plaintiff,

v.

**FOREST PHARMACEUTICALS, INC.**, Defendant.

No. C–1–91–762.

United States District Court, S.D. Ohio, W.D.

Jan. 6, 1993.

Derek William Gustafson, Cincinnati, OH, for plaintiff.

Paul Brent Calico, Strauss & Troy, Cincinnati, OH, Richard E. Jaudes, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, MO, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgment (doc. 12), the Plaintiff's Memorandum in Opposition (doc. 17), and the Defendant's Response (doc. 19).

### BACKGROUND

The Plaintiff is a former tablet presser for Forest Pharmaceuticals, Inc. ("Defendant"). The Plaintiff's duties included the manufacturing of controlled substances and properly accounting for defective products. On January 21, 1991 the Plaintiff voluntarily admitted himself into a drug and alcohol dependency treatment program. Several days later, on January 24, the Defendant was informed of the Plaintiff's admission into the program.

On January 28, the Defendant discovered two halves of Esgic Plus tablets and one Bancap HC capsule, both controlled substances manufactured by the Defendant, in the Plaintiff's locker. The Plaintiff's "diversion" of these controlled substances from the restricted area of the plant where they are authorized to be was in contravention of federal Drug Enforcement Administration ("DEA") regulations. On February 6, 1991, the Defendant informed the Plaintiff's wife of its decision to terminate the

Plaintiff. The Plaintiff subsequently filed this suit alleging that he was unlawfully terminated by the Defendant based on his substance abuse handicap.

During deposition the Defendant discovered that the Plaintiff had lied both on an employment application document and on a subsequent questionnaire by denying that he had an ongoing substance abuse problem predating his employment with the Defendant. The Plaintiff readily admits to having lied on the forms in order to conceal his problem and, according to uncontradicted testimony, the Defendant would not have hired the Plaintiff had it known the truth. The Defendant also states, without contradiction, that it would have fired the Plaintiff had it found out about the falsification during his employ. Similarly, Mr. Howell, the Defendant's plant manager, testified that had they learned of the Plaintiff's diverting the controlled substances, they would have fired him for that reason as well.

The Defendant claims among other things that it is entitled to summary judgment as a matter of law due to the post-termination discovery of the Plaintiff's falsifications on his application and substance abuse questionnaire. The Plaintiff counters that the cases relied upon by the Defendant in support of its argument that post-termination discovery of misrepresentation and other wrongdoing are distinguishable and therefore not controlling in this case. The Plaintiff also argues that to permit his termination for his past deception to cover his handicap is in essence a denial of the realities of substance abuse as a handicap.

### STANDARD OF REVIEW

■ The narrow question that we must decide on a motion for summary judgment is whether there exists a "... genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether issues exist that should be

tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

## DISCUSSION

■ The Defendant asserts that the Court should grant its motion for Summary Judgment based on its post-termination discovery that the Plaintiff had lied on his application of employment and on his subsequent questionnaire. In employment discrimination cases, after-discovered evidence of resume or application falsification renders summary judgment appropriate, even where discrimination was found to have occurred, if the misrepresentation or omission was 1) material; 2) directly related to measuring a candidate for employment; and 3) was relied upon by the employer in making the decision. *Milligan–Jensen v. Michigan Tech. Univ.*, 975 F.2d 302, 304 (6th Cir.1992) (Title VII claim); *Johnson v. Honeywell Info. Sys., Inc.*, 955 F.2d 409, 414 (6th Cir.1992) (Michigan's Elliot–Larsen Civil Rights Act); *see Summers v. State Farm Mut. Auto. Ins. Co.*, 864 F.2d 700 (10th Cir.1988) (Title VII and ADEA claims).

In *Milligan–Jensen,* the court stated that the Sixth Circuit has "adopted the view that, if the plaintiff would not have been hired, or would have been fired, if the employer had known of the falsification, the plaintiff suffered no legal damage by being fired." 975 F.2d at 304–05 (footnote omitted).

■ In this case, the Plaintiff was required to answer questions on his employment application concerning his use of controlled substances. The Plaintiff was also required to complete a questionnaire after several years of employment with the Defendant asking essentially the same questions. The questionnaire, like the application, was prepared by the Defendant pursuant to DEA regulations. Both forms clearly state that any false statements shall be sufficient cause for dismissal. See Defendant's Motion for Summary Judgment, Doc. 12, Exhibits "A" & "D". It is undisputed that the Plaintiff lied on both documents, hiding his dependence on the very controlled substance for which he was hired to manufacture.

It is not enough, however, that the Plaintiff lied on the application, but rather the misrepresentations must also have been material and directly related to measuring a candidate for employment. *Milligan–Jensen,* 975 F.2d at 304; *Johnson,* 955 F.2d at 414. In this case, evidence of the materiality of the Plaintiff's misrepresentations and omissions is found in the Defendant's uncontroverted testimony that the Defendant would not have hired, or would have subsequently fired the Plaintiff upon learning the truth of his drug dependency—an understandable and credible assertion considering that the Defendant is engaged in the manufacture of a federally regulated substance.

Furthermore, the question of whether a potential or current employee is a controlled substance abuser is one directly related to measuring a candidate for employment at a pharmaceutical plant. Indeed, federal regulations specifically support this conclusion by stating that information concerning substance abuse "will be considered as part of an overall evaluation of the person's qualifications." *See* 21 C.F.R. §§ 1301.90, 92.

Thus, as the Defendant has shown that the misrepresentations or omissions were material, were relied upon by the employer in making its decisions, and are clearly directly related to measuring the candidate for this type of employment, the post-discharge discovery of falsification renders summary judgment appropriate in this case. *Milligan–Jensen,* 975 F.2d at 304; *Johnson,* 955 F.2d at 414; *Summers,* 864 F.2d 700.

The Plaintiff attempts to distinguish the line of cases relied upon by the Defendant on the grounds that "the after discovered basis for termination [in those cases] does not relate to prohibited actions[,]" while consideration of the Plaintiff's drug dependency is prohibited. See Defendant's Motion for Summary Judgment, Doc. 12. We disagree. We find that the situation in which the plaintiff, a substance abuser, worked in a pharmaceutical company, dif-

fers significantly from the typical invidious employment discrimination case. Consideration of the employee's substance related activities is, therefore, appropriate.

For example, two of the essential elements in these post-discharge discovery cases are that 1) the information omitted or misrepresented be directly related to measuring a candidate for employment, and 2) that it was relied upon by the employer in making the employment decision. *Milligan–Jensen*, 975 F.2d at 304; *Johnson*, 955 F.2d at 414. In the typical employment discrimination case, virtually without exception, gender, race or age could never be "relied upon by the employer in making the employment decision" or "be directly related to measuring a candidate for employment." Such use of the Plaintiff's race, gender or age would, with few exceptions,[1] be the very act of discrimination prohibited by state and federal anti-discrimination laws.

In complete contrast to those types of discrimination cases, consideration by a prescription drug manufacturer of an employee or potential employee's substance possession, use or diversion are not only logical, but DEA regulations require them to "be considered as part of an overall evaluation of the ... [applicant's] qualifications[ ]" for employment. 21 C.F.R. § 1301.90. Furthermore, "employees who possess, sell, use or divert controlled substances will subject themselves not only to State and Federal prosecution ... but *shall* also become the subject of independent action regarding their continued employment...." 21 C.F.R. § 1301.92 (emphasis added).

Thus, in the face of federal regulations requiring the employer to consider the very factors at the heart of the Plaintiff's handicap discrimination claim, we draw the inescapable conclusion that this is not the gar-

den variety discrimination case the Plaintiff would have us believe it is. We do not dispute the fact that substance abuse is in fact a recognized handicap within the meaning of Ohio Rev Code § 4112.02. *See Hazlett v. Martin Chevrolet, Inc.,* 25 Ohio St.3d 279, 496 N.E.2d 478 (1986). We simply observe that with respect to an employee in a pharmaceutical plant, consideration of the employee's substance possession, use and diversion, are not only reasonable factors to consider, but are authorized by federal law. This is clearly a unique set of circumstances. We therefore reject the Plaintiff's characterization of this situation and are bound to follow the law in this Circuit as set forth in the *Milligan–Jensen* and *Johnson* cases discussed above.[2]

## CONCLUSION

Accordingly, the Defendant's Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

SO ORDERED.

---

1. We note, for example, the "very narrow" defense to gender, religion, national origin or age discrimination claims, where these factors may be considered as a "Bonafide Occupational Qualification" or "BFOQ." *See generally* 42 U.S.C. 2000e–2(a); *Western Airlines v. Criswell,* 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985); *Dothard v. Rawlinson,* 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977).

2. *Contra Wallace v. Dunn Const. Co., Inc.,* 968 F.2d 1174 (11th Cir.1992) (holding that post-termination discovery of application falsification could not serve as legitimate grounds for terminating employee in Title VII and Equal Pay Act case).