Nancy **SPRECHER**, Plaintiff,

v.

**J.C. PENNEY COMPANY, INC.,** Defendant.

**No. CIV 93–1002.**

United States District Court,
D. South Dakota,
Northern Division.

June 8, 1994.

Supplemental Memorandum
June 14, 1994.

Charles Rick Johnson, Johnson, Eklund, Nicholson, Dougherty & Abourezk, Gregory, SD, for plaintiff.

Craig A. Pfeifle, Lynn, Jackson, Shultz & Lebrun, Rapid City, SD, Cynthia G. Farris, J.C. Penney Co., Inc., Dallas, TX, for defendant.

PIERSOL, District Judge.

This matter comes before the Court on the motion of Defendant, J.C. Penney Company, Inc., for the Court to reconsider its order denying Defendant's motion for summary judgment, Doc. 39. Defendant argues that the Sixth Circuit decision, in *McKennon v. Nashville Banner Publishing Co.*, 9 F.3d 539 (6th Cir.1993), mandates a reconsideration of Penney's summary judgment motion. For the following reasons this Court disagrees.

## SUMMARY JUDGMENT

■ Summary judgment is properly granted "only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Wilson v. Myers*, 823 F.2d 253, 256 (8th Cir.1987). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

## AFTER ACQUIRED EVIDENCE DOCTRINE

Generally, the after acquired evidence doctrine, while having gained acceptance in the Sixth, Seventh and Tenth Circuits, is not universally recognized. Many circuits simply have not addressed the doctrine, although some district courts within such circuits have applied the doctrine. *See O'Day v. McDonnell Douglas Helicopter Co.*, 784 F.Supp. 1466 (D.Ariz.1992). Neither the Eighth Circuit nor any district court within the Eighth Circuit appears to have addressed the issue. The Eleventh Circuit has specifically rejected the doctrine as it is applied in other circuits. *See Wallace v. Dunn Constr. Company, Inc.*, 968 F.2d 1174 (11th Cir.1992).

If, arguendo, we assume the after-acquired evidence doctrine would be adopted by the Eighth Circuit to this type of case, which it has not been, Defendant would still not warrant a granting of their motion for reconsideration of their summary judgment motion. There is substantial concern that the after-acquired evidence doctrine apply to material misconduct "to prevent an employer from combing a discharged employee's record for evidence of any and all misrepresentations, no matter how minor or trivial, in an effort to avoid legal responsibility for an otherwise impermissible discharge." *Johnson v. Honeywell Information Systems*, 955 F.2d 409, 414 (6th Cir.1992); *see also O'Driscoll v. Hercules*, 745 F.Supp. 656 (D.Utah 1990) (employer must show that misconduct was such that an employee would have been terminated had the employer known of the misconduct. "Minor, trivial or technical infractions" would not qualify as material misconduct). Thus, in employment application misrepresentation cases, courts have required Defendants to show that the misrepresentations or omissions on former employee's application were material, were relied upon by the employer in making its decisions, and are clearly directly related to measuring the candidate for the type of employment for which the candidate applied. *Bray v. Forest Pharmaceuticals, Inc.*, 812 F.Supp. 115, 117 (S.D.Ohio 1993); *DeVoe v. Medi–Dyn*, 782 F.Supp. 546, 552 (D.Kan.1992). The Sixth Circuit, in *McKennon*, requires that the employer can show it would have fired the employee on the basis of the evidence, citing the language of *Bray* favorably. *McKennon*, 9 F.3d at 542, n. 6.

■ Defendant argues in the present case that the photocopying of the Personnel Procedures Manual by Plaintiff would warrant discharge of the employee and relies on the affidavits of William Davis, Doc. 20, and Ralph Rutledge, Doc. 19, as "uncontroverted" evidence that Plaintiff would have been fired had they known she had photocopied pages from the personnel manual. Davis affidavit ¶ 14; Rutledge affidavit ¶ 10.

There are few cases which deal with misconduct during the job as opposed to the

more numerous job application misrepresentation cases. However, there are certain principles regarding proof of the misconduct and whether such misconduct would result in the termination of the employee which are applicable across cases. In regard to application misrepresentations, courts have based their decisions, when presented with the question, solely on statements in affidavits that dishonesty in the application process is grounds for termination, if those statements are uncontroverted by any other evidence in the record. *Bonger v. American Water Works,* 789 F.Supp. 1102, 1107 (D.Colo.1992); *Washington v. Lake County, Illinois,* 762 F.Supp. 199, 203 (N.D.Ill.1991); *O'Driscoll,* 745 F.Supp. at 659. Each of these affidavits has, however, specifically related that the conduct complained of was specifically against company policy and a terminable misconduct. The facts surrounding Plaintiff's copying of the Personnel Procedures Manual, in the present case, are unclear. Plaintiff stated in her deposition that she was informed of the termination of her position around December 22nd or 23rd, 1991. Plaintiff's Deposition at 79. Plaintiff stated that at that time, she photocopied portions of the Personnel Procedures Manual. Likewise, Defendant in the present case alleges more broadly that Plaintiff's conduct was in violation of the Business Ethics requirement that employees not use information obtained from the company for personal benefit. *See* Rutledge Depo. at ¶ 14. Plaintiff contends that her use of the manual does not qualify as a personal benefit. Likewise, Plaintiff contends that she engaged in such conduct only after she was terminated from the Huron position (although the option to transfer was still present) and thus the after-acquired evidence doctrine is inapplicable since the termination decision had already been made. Plaintiff's assertion of the termination of her current position prior to her photocopying the Personnel Procedures Manual is uncontroverted. Under a pretextual view of the case, statements made regarding the termination of the Huron position and availability of transfer to Peoria and the reasonable inferences taken from those statements preclude summary judgment in that they, along with the uncontroverted evidence that Plaintiff copied portions of the Personnel Procedures Manual only after being informed of her position's termination, cast doubt on the statements of Rutledge and Davis. This is not because the affidavits are "self-serving" as has been asserted here and unsuccessfully asserted in other cases, but because the facts of the case in their present form leave material questions as to whether the misconduct took place before Plaintiff was terminated from her position and whether the business ethics cited by Defendant actually applies to the specific alleged terminable misconduct. Under a summary judgment motion, the court cannot make such findings of fact. As the Eighth Circuit has restated the general principle, in a different context, "summary judgment, . . ., is not a substitute for the trial of disputed fact issues. . . . [and] [t]he trial court errs when in deciding a summary judgment motion, it takes it upon itself to weigh conflicting evidence and to resolve the issue based on the evidence." *Carroll v. Gulf Ins. Co.,* 886 F.2d 1071 (8th Cir.1989) (citing *Wilson,* 823 F.2d at 256) (determination of reasonableness of denial of compensation turns on disputed factual issues and is inappropriate for summary judgment).

Thus, in the present case, we need not reach the question of whether this type of conduct represents the type of misconduct censured in *O'Day v. McDonnell,* or *McKennon,* and discuss the relative merits of what constitutes "confidential documents" or who has the right of access to them and for what purposes. It is, however, clear from the facts on the record that, being in a management position, Plaintiff clearly had the right of access to the documents in question which distinguishes her from the plaintiffs in the two aforementioned cases who clearly did not. Plaintiff has raised enough to cast doubt on Defendant's position that her actions would have resulted in her termination, especially in regard to the materiality of the "terminable conduct".

Based on the foregoing:

IT IS ORDERED, that Defendant's Motion for Reconsideration of Summary Judgment Motion, Doc. 39, is denied.

## SUPPLEMENTAL MEMORANDUM

Since the time this Court first considered Defendant's motion for the Court to reconsider its order denying Defendant's motion for summary judgment, the Eighth Circuit has had an opportunity to take up the application of the after-acquired evidence doctrine. *Welch v. Liberty Machine Works, Inc.,* 23 F.3d 1403 (8th Cir.1994). In *Welch* the Eighth Circuit specifically adopts the after-acquired evidence doctrine in cases involving misrepresentation on employment applications. This adoption does not change the outcome determined by this Court in its Memorandum Opinion and Order dated June 8, 1994.

*Welch* involved an employment application misrepresentation case, which is the most common context in which the after-acquired evidence doctrine arises. It does not address the applicability of the after-acquired evidence doctrine in the context of misconduct which arises during employment. In *Welch,* the Eighth Circuit, however, addressed the sufficiency of evidence required for a summary judgment based upon the after-acquired evidence doctrine. The Defendant argued and supplied an affidavit stating both that the Plaintiff would never have been employed if he had truthfully filled out his employment applications, and that the omissions on the Plaintiff's application were terminable misconduct as described by the application itself, which stated that " 'any misstatement or omission of fact on this application shall be considered cause for dismissal.' " *Id.* at 1404. The Eighth Circuit, in response, stated, "we believe that the employer bears a substantial burden of establishing that the policy pre-dated the hiring and firing of the employee in question and that the policy constitutes more than mere contract or employment application boilerplate." *Id.* at 1406. The Court determined that mere affidavits, as "self-serving document[s]", regarding the terminability of an offense do not necessarily establish the material fact that the employee would not have been hired but for the misrepresentation. *Id.* Thus, the affidavit in the form it existed, in *Welch,* was not enough to warrant a summary judgment based on the after-acquired evidence doctrine. *Id.*

While the Eighth Circuit did not reach whether "an undisputed employer affidavit could, in some circumstances, establish the requisite material fact of a particular employer's policy," the Court established the heavy burden on the defendant to warrant summary judgment based upon the after-acquired evidence doctrine. In the present case, the evidence in the record of a pre-existing policy which would describe the misconduct of Defendant as terminable is less than in *Welch* and reinforces the conclusion of this Court set out in its Memorandum Opinion and Order of June 8, 1994.