13-2479(L)
*United States v. Tischler, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of July, two thousand fourteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                              Nos. 13-2479 (L), 13-2480 (Con),
>                                                  13-2505 (Con), 13-2622 (Con)

HAROLD TISCHLER, AKA HERSHY, REFAEL BRODJIK,
AKA RAFI, NATHAN SCHWARTZ, GULAY CIBIK,
AKA SEALED DEFENDANT 2,

> *Defendants-Appellants*,

ALI GOMAA, ET AL.,

> *Defendants*.[*]

---

[*] The Clerk of Court is directed to amend the caption in this case to conform to the listing of the parties above.

| | |
|---|---|
| **FOR HAROLD TISCHLER:** | JEFFREY A RABIN (Edward M. Rappaport, *on the brief*), Brooklyn, NY. |
| **FOR REFAEL BRODJIK:** | JEREMY GUTMAN, New York, NY. |
| **FOR NATHAN SCHWARTZ:** | PETER E. BRILL, Brill Legal Group, P.C., New York, NY. |
| **FOR GULAY CIBIK:** | Xavier R. Donaldson, Donaldson, Chilliest LLP, New York, NY. |
| **FOR UNITED STATES:** | JANIS M. ECHENBERG (James J. Pastore, Brent S. Wible, *on the brief*), Assistant United States Attorneys*, for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from judgments of conviction of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgments are **AFFIRMED**.

Defendants Harold Tischler, Refael Brodjik, Nathan Schwartz, and Gulay Cibik (jointly, "defendants") appeal from judgments of conviction entered on June 21, 2013, following a 13-day jury trial, for conspiracy to commit visa fraud and to make false statements, in violation of 18 U.S.C. § 1001, and making false statements to immigration authorities, in violation of 18 U.S.C. §§ 1546(a) and 2.[1] We consider on appeal various constitutional and statutory challenges raised by each defendant to his conviction and sentence. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

The eight-count superseding indictment in this case arises out of a massive immigration-fraud scheme that operated out of the law office of Earl David (the "David Firm"). The indictment alleged that, over more than a decade, the David Firm submitted fraudulent immigration applications to United States Citizenship and Immigration Services ("USCIS") and the United States Department of Labor ("DOL"). The scheme allegedly exploited rules that permitted an alien to seek lawful immigration status in the United States based on a certification from the DOL that a United States employer was prepared to hire (or "sponsor") the alien. In return for substantial fees, the David Firm obtained thousands of such DOL certifications based on phony employment sponsorships and falsified documents.

---

[1] Brodjik was also convicted of making false statements in connection with his own naturalization application, in violation of 18 U.S.C. §§ 1015(a) and 2.

The defendants were alleged to have contributed to the scheme in various capacities. Brodjik and Cibik allegedly worked at the David Firm to assist in the preparation and filing of immigration applications for its clients, among other duties. Tischler and Schwartz were alleged to have acted as phony sponsors who falsely affirmed, in exchange for payment, that they had conducted a job search and had agreed to extend a job to a particular alien. On February 5, 2013, the jury returned its verdict, finding the defendants guilty on each of the counts in which they were charged. This timely appeal followed.

## DISCUSSION

### I. Sufficiency of the Evidence

Cibik and Tischler each contend that the evidence at trial was insufficient to support the jury's verdict. We review challenges to the sufficiency of the evidence "in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility, and its assessment of the weight of the evidence." *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted). We must uphold the judgment of conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Cibik argues on appeal that the there was no evidence that she had a specific intent to further the fraud, as opposed to an intent to do her job as a mere assistant to Earl David. The evidence, viewed in the light most favorable to the government, shows otherwise. Cibik admitted to law enforcement that she had falsified some aliens' work histories to improve their chances of being approved for a green card, and that she knew some of the sponsors the David Firm had supplied for its clients were fictitious. Several witnesses also testified that Cibik had prepared fraudulent applications by using phony sponsors.

Tischler argues that there was insufficient evidence to show that, as a sponsor, he did not have the intention to hire the sponsored alien. We disagree. The evidence showed that, in return for a fee from the David Firm of $400 per successful application, Tischler sponsored hundreds of aliens. Tischler confirmed in numerous telephone calls with the DOL that he in fact intended to hire these aliens, while expressing to a David Firm employee that he was nervous about these calls. Tischler's companies ultimately did not, and were not financially able to, pay the aliens they were allegedly sponsoring.

In light of this evidence of fraud, among other evidence presented at trial, we accordingly reject Cibik and Tischler's sufficiency challenges.[2]

---

[2] Tischler's other argument on appeal is that he received ineffective assistance of counsel. However, we decline to address Tischler's claim at this time since "a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## II. Fair Trial

Brodjik claims that he was deprived of a fair trial based on certain comments and rulings the District Judge made during trial that disparaged Brodjik's attorney and interfered with his right to confront witnesses and to make appropriate arguments at summation. Specifically, Brodjik objects to the Judge's comments made (1) during the cross examination of a cooperating witness, and (2) in sustaining objections during Brodjik's counsel's summation—specifically, comments relating to Brodjik's wife's prior job experience, the existence of a bakery that purportedly offered Brodjik's wife a job, and Cibik's statements to officers during an initial interview.

Reversal based on the conduct of a district judge is warranted only if, after reviewing the entire record, the reviewing court is convinced that "the jurors have been so impressed by the judge's partiality that it affected their deliberations." *United States v. Tocco*, 135 F.3d 116, 129 (2d Cir. 1998). The question is "whether the jury was so impressed with the judge's partiality to the prosecution that it became a factor in determining the defendant's guilt or whether it appeared clear to the jury that the court believed the accused is guilty." United States v. Amiel, 95 F.3d 135, 146 (2d Cir. 1996) (alterations, citation, and internal quotation marks omitted). The District Judge's comments did not rise to this level. They did not reflect the Judge's views on the witness's credibility or Brodjik's guilt, nor did they improperly limit counsel's right to elicit testimony or make appropriate arguments during summation. Moreover, given the strength of the evidence against Brodjik as a whole, we cannot say that he was denied a fair trial as a result of the Judge's mild comments or relatively inconsequential rulings.

## III. Confrontation Clause

Defendant Schwartz contends that the admission of certain DOL "case notes" with notations that the case was associated with the Earl David investigation violated his right to confrontation under the Sixth Amendment. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial." *Id.* at 53-54. An item of evidence is "testimonial" if its "primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). To assess a statement's "primary purpose," courts conduct an "objective analysis of . . . the statements and actions of the parties." *Michigan v. Bryant*, 131 S. Ct. 1143, 1156 (2011). Business records are not testimonial when they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009).

After review, we conclude that the primary purpose of the DOL records, which all parties agree were business records under Fed. R. Evid. 803(6), was not for later use at trial. These records were created solely as part of the administrative task of processing applications to ensure that only valid ones were approved. The references to the Earl David investigation do not persuade us

otherwise.  The circumstances under which these case notes were prepared, viewed objectively, do not establish that the *primary* purpose of a reasonable department employee in the declarant's position would have been to create a record for use at a later trial.  *See United States v. James*, 712 F.3d 79, 94 (2d Cir. 2013).  We thus conclude that admission of the DOL records did not violate the Confrontation Clause.

### IV. Sentencing

Finally, defendants Cibik and Brodjik challenge the procedural and substantive reasonableness of their sentences.  We review these claims of procedural unreasonableness for rigorous plain error because the defendants failed to raise their claims below.  *United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012).  We "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Cibik argues that her sentence was procedurally unreasonably because the District Court failed to take into account all of her employment history, and did not expressly mention the § 3553(a) factors.   Yet "a district judge need not robotically incant the factors prescribed by 18 U.S.C. § 3553(a)."  *United States v. Doe*, 741 F.3d 359, 364 (2d Cir. 2013).  The Court here discussed the seriousness of Cibik's role in the offense, as well as Cibik's personal history and characteristics—namely, her employment history and lack of any criminal record.  Cibik argues her below-Guidelines sentence was substantively unreasonable because it failed to reflect her prior employment and scope of involvement in the conspiracy.  We disagree in light of Cibik's lengthy participation in, and profit from, a truly massive immigration fraud.

Brodjik contends that he should have received a minor-role adjustment under § 3B1.2 of the Guidelines, and that the Court failed to account for unwarranted sentencing disparities.  As to the minor-role adjustment, the Court properly recognized Brodjik's role in allowing Earl David to perpetuate the fraud from Canada.  With regard to the issue of disparity, Brodjik's sentence was more than a year below the Guidelines range, and, in any event, the supposed comparators were not similarly situated.  We also reject Brodjik's argument that his below-Guidelines sentence was substantively unreasonably given the totality of Brodjik's conduct.

### CONCLUSION

We have considered all of defendants' arguments on appeal and find them to be without merit.  Accordingly, we **AFFIRM** the June 21, 2013 judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5