12-2855-cr
*United States v. Doe*

# In the
# United States Court of Appeals
## For the Second Circuit

————

AUGUST TERM 2013
No. 12-2855-cr

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

JOHN DOE,
*Defendant-Appellant.*

————

Appeal from the United States District Court
for the Eastern District of New York.
No. 08-CR-29 — Sterling Johnson, Jr., *Judge*.

————

SUBMITTED: DECEMBER 9, 2013
DECIDED: DECEMBER 20, 2013

————

Before: CABRANES, SACK, and WESLEY, *Circuit Judges*.

————

Defendant-appellant John Doe appeals from the June 20, 2012 judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*). We consider on appeal whether the District Court erred in denying Doe's motion to compel

the government to provide him with a recommendation letter under U.S.S.G. § 5K1.1 or 18 U.S.C. 3553(e) pursuant to a Cooperation Agreement. We hold that the government properly exercised its discretion in deciding not to file a § 5K1.1 or § 3553(e) motion based on its good-faith assessment that Doe had breached his agreement to remain free of criminal activities. Accordingly, we **AFFIRM** the judgment of the District Court.

————

Katherine Alfieri, Law Offices of Katherine Alfieri, New York, NY, *for Appellant John Doe*.

Emily Berger, Nathan D. Reilly, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, *for Appellee United States of America.*

————

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant-appellant John Doe ("defendant" or "Doe") appeals from the June 20, 2012 judgment of conviction of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*), sentencing him principally to a term of 72 months' imprisonment for participation in a conspiracy to violate the federal narcotics laws, in violation of 21 U.S.C. § 846, and for participating in a money-laundering conspiracy, in violation of 18 U.S.C. § 1956(h). We consider two issues on appeal: (1) whether the District Court erred in denying Doe's motion to compel the government to provide him with a recommendation letter under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e) pursuant to a Cooperation

2

Agreement (the "Agreement"); and (2) the reasonableness of his sentence.

We hold that the government properly exercised its discretion in deciding not to file a § 5K1.1 or § 3553(e) motion based on its good-faith assessment that Doe had breached his agreement to remain free of criminal activities, and that Doe's sentence was reasonable. Accordingly, we **AFFIRM** the judgment of the District Court.

## BACKGROUND

In late 2007, Doe was arrested for coordinating shipments of cocaine from Mexico to the United States for a Mexican-based drug trafficking organization. Upon his arrest, Doe entered into the Agreement with the government, the relevant portion of which stated that

> [t]he defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Should it be judged by the [United States Attorney's] Office that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement . . . .

App'x 82-83.

3

Doe cooperated with the government substantially for over two years, until he was arrested in Utah in April 2010 for assaulting his wife and daughter and driving while intoxicated. Doe initially denied these allegations to the United States Attorney's Office, and the State of Utah eventually dismissed the charges without prejudice. The United States Attorney's Office then conducted its own investigation into the domestic violence incident, concluding that Doe had in fact committed the charged offenses notwithstanding their dismissal. Once confronted with the results of the Office's investigation, Doe admitted that he had been intoxicated and had committed the charged assaults. Thereafter, the government decided that Doe had breached the Agreement, and declined to make a motion under U.S.S.G. § 5K1.1[1] or 18 U.S.C. § 3553(e)[2] on his behalf—a decision which the District Court ultimately upheld.

At sentencing, the District Court imposed a below-guideline sentence of 72 months' imprisonment. This appeal followed.

## I

"Where a defendant contends that the government has breached a cooperation agreement by refusing to make a § 5K1.1 motion, we will look to see if the government has lived up to its end of the bargain and whether the government acted fairly and in good faith." *United States v. Fernandez*, 127 F.3d 277, 285-86 (2d Cir. 1997)

---

[1] The relevant portion of U.S.S.G. § 5K1.1 provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

[2] The relevant portion of 18 U.S.C. § 3553(e) provides that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

(internal quotation marks omitted). Cooperation agreements are interpreted according to principles of contract law. *See United States v. Gregory*, 245 F.3d 160, 165 (2d Cir. 2001). Although we review the terms of a cooperation agreement *de novo*, *see United States v. Padilla*, 186 F.3d 136, 139 (2d Cir. 1999), "[b]ecause the prosecution often is in the best position to evaluate the quality of a defendant's cooperation and to decide whether to make a substantial-assistance motion, this decision, like other prosecutorial determinations, may be subjected to only limited review." *United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir. 1992). Accordingly, "where the agreement is conditioned on satisfaction of the obligor, the condition is not met 'if the obligor is honestly, even though unreasonably, dissatisfied.'" *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir. 1990) (citing Restatement (Second) of Contracts § 228, cmt. a).

In the instant case, the unambiguous terms of the Agreement establish that the government had considerable discretion in deciding whether to file a motion under § 5K1.1 or § 3553(e), based in part on its assessment that Doe had remained free of criminal activities. The government's determination that Doe had committed the charged offenses in Utah was based on its own comprehensive investigation and thus made in good faith.

Doe asserts that he did not "commit" any crimes within the meaning of the Agreement because the state charges against him were dismissed. It is well settled, however, that uncharged conduct may give rise to a breach of a cooperation agreement, so long as the evidence provides a good-faith basis for the government to believe that the defendant committed such crimes. *See United States v. Pollack*, 91 F.3d 331, 336 (2d Cir. 1996) (noting that the defendant "would soon be indicted" for a further crime); *United States v. Resto*, 74 F.3d 22, 27 (2d Cir. 1996) (holding that defendant's "flight from

the courthouse and failure to appear for sentencing, although never prosecuted, constituted" a further crime).

That the charges were ultimately dismissed does not necessarily call into question the government's good-faith belief that Doe breached the Agreement. For instance, in *United States v. Gregory*, 245 F.3d 160 (2d Cir. 2001), we rejected the argument that a defendant had not breached a cooperation agreement because state charges against him had been dismissed. *Id.* at 164. We held that

> [t]he fact that the charges ultimately were dismissed—after the imposition of a 262 month sentence—is of no moment. The Government based its decision on the undisputed fact that [defendant] was arrested as well as on information provided in the arrest warrant, warrant application, and related reports. The charges filed against [defendant] provided a good faith basis for the Government to determine that he had breached his obligation not to commit any further crimes. The Government's determination that [defendant] had committed a crime and thus breached the cooperation agreement was not premised on bad faith, invidiousness, dishonesty, or unconstitutional considerations. The Government was thus justified in voiding [defendant's] cooperation agreement.

*Id.* at 164 (citations, internal quotation marks, and alterations omitted).

It is of no consequence that the state charges in *Gregory* were not dismissed until *after* the federal sentencing, whereas the state charges against Doe were dismissed *before* the government decided

6

not to make a § 5K1.1 or § 3553(e) motion.  The crux of the holding in *Gregory* was the government's good faith basis for finding that the defendant had committed further crimes—namely, the arrest warrant, warrant application, and related reports.  *Id.*  The government in the instant case relied not only on the arrest report and statements of family members provided by Utah law enforcement, but also on its own interviews of the relevant individuals and, of course, on Doe's own admission.  Accordingly, the government had a good-faith belief that Doe had breached the Agreement by committing further crimes in Utah, whether or not those state charges were dismissed.

With regard to his initial denial of the assault allegations to the United States Attorney's Office, Doe now maintains that he is innocent of the Utah charges; that his confession was coerced; and that, in any event, his statements about the Utah incident are unrelated to the case at hand.  After a review of the record, we find no evidence of coercion. Because we conclude that the government had a good-faith basis to find that Doe had breached his cooperation agreement by committing further crimes, we need not decide whether Doe's false statements to investigators about this incident constituted an additional breach of the Agreement.

We recognize that Doe provided substantial cooperation in the two years leading up to his arrest in Utah.  Under principles of contract law, however, "substantial performance is ordinarily not applicable to excuse the non-occurrence of an express condition precedent."  *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 693 (1995).  A court may excuse such a condition to avoid disproportionate forfeiture only if the condition was not a material part of the exchange.  *See* Restatement (Second) of Contracts § 229.  In this case, the breached condition, which diminished Doe's

reliability and thus inhibited the government's ability to use Doe as a witness in future proceedings, was clearly material.

Accordingly, Doe has failed to meet his burden of making a showing of bad faith that would rebut the government's explanation of its reasons for withdrawing the motion.

**II**

Doe also challenges the procedural and substantive reasonableness of his sentence.

Where, as here, a defendant has not preserved a claim of procedural unreasonableness, "rigorous plain error analysis is appropriate." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). A finding of "plain error" requires that

> (1) there is an error; (2) the error is plain, that is, the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010) (internal quotation marks and brackets omitted). Although a District Judge need not robotically incant the factors prescribed by 18 U.S.C. § 3553(a), *see United States v. Toohey*, 448 F.3d 542, 545 (2d Cir. 2006), after a review of the record, we find that the District Court's cursory discussion of those factors was inadequate. However, in light of the Court's conclusory statement that a term of imprisonment of 72 months—a substantial variance below the guideline range of 168 to

8

210 months—was "sufficient but not greater than necessary to meet the ends of 3553(a)," App'x 142, we cannot say that this error was "clear" or "obvious" or affected the outcome of the proceedings. *See United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors . . . .").

In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it "cannot be located within the range of permissible decisions." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012). In light of quantity of cocaine for which Doe was responsible, the District Court's imposition of a term of imprisonment of 72 months—again, a substantial variance below the guideline range—was not substantively unreasonable.

## CONCLUSION

To summarize, we hold that:

(1) The government properly exercised its discretion in not filing a § 5K1.1 or § 3553(e) motion. Although the state charges against Doe were dismissed prior to his federal sentencing, the government's own investigation into the misconduct furnished a good-faith basis to believe that Doe had breached his agreement to remain free of criminal activities.

(2) Doe's sentence was neither substantively nor procedurally unreasonable.

For the reasons stated above, we **AFFIRM** the judgment of the District Court, entered June 20, 2012.