*United States v. Cruz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand fifteen.

PRESENT:
        ROBERT A. KATZMANN,
                        *Chief Judge*,
        PETER W. HALL,
        RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                         No. 14-1544-cr

JOSE CRUZ, AKA Chili,

        *Defendant-Appellant*,

JOEL URENA, AKA Boss, MARK DAVID, AKA Tone, CALVIN BAILEY, AKA Tank, LAQUAY COKLEY, AKA Quay, WAYNE CUSTIS, AKA Weezy, MELVIN DIAS, AKA Flint, TREMAINE GARRISON, AKA Triggermain, DAIQUAN HENDERSON, AKA Wee Wee, MICHAEL HENDERSON, AKA Beanz, AKA Supa, LEANELL HINES, AKA Kip, DAWONE HODGES, AKA Killat, ERIC LOCKHART, AKA Sleazy, DARRYL MCFADDEN, AKA Squeeze, HARRY QUINTANA-CRUZ, AKA Little Gotti, JOHN SLADE, AKA Slide Off, AKEEM SMITH, AKA P.C., PAUL STINSON, AKA Salute, JOSHUA VILIAN, AKA Ross, GREGORY WILLIAMS, AKA G-Dubb,

        *Defendants*.

---

For Defendant-Appellant:                    Arza Feldman, Feldman and Feldman, Uniondale,
                                            NY.

For Appellee:                               Ilan Graff and Michael A. Levy, Assistant United
                                            States Attorneys, *for* Preet Bharara, United States
                                            Attorney for the Southern District of New York,
                                            New York, NY.

Appeal from the United States District Court for the Southern District of New York

(Ramos, *J.*).


Defendant-Appellant Jose Cruz appeals from an April 9, 2014 judgment of the United

States District Court for the Southern District of New York (Ramos, *J.*), which sentenced him to

188 months' imprisonment following his guilty plea to one count of conspiracy to distribute

cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). In a counseled brief, Cruz challenges the

district court's application of a two-level enhancement for obstruction of justice pursuant to

Section 3C1.1 of the United States Sentencing Guidelines Manual ("Guidelines"). In a pro se

supplemental brief, Cruz further argues that the district court erred by (1) refusing to apply a

three-level reduction for acceptance of responsibility, and (2) applying a two-level enhancement

for use of a weapon in the commission of a crime involving narcotics. For the reasons stated

below, we **AFFIRM** the decisions of the district court regarding denial of the acceptance-of-

responsibility credit and application of the weapons enhancement. We hold, however, that the

district court erred in applying the obstruction-of-justice enhancement, and thus we **VACATE**

Cruz's sentence and **REMAND** for resentencing. We assume the parties' familiarity with the

facts, procedural history, and issues on appeal.

We review the district court's interpretation of the Sentencing Guidelines de novo, but

review any factual findings for clear error. *United States v. Fiore*, 381 F.3d 89, 92 (2d Cir. 2004).

2

Section 3C1.1 of the Guidelines instructs the district court to increase the defendant's offense level by two levels if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. Thus, the obstruction-of-justice enhancement applies only if the obstructive conduct related either to "the defendant's offense of conviction" or to "a closely related offense." *Id.*; *see also United States v. Byors*, 586 F.3d 222, 227 (2d Cir. 2009) (interpreting this provision to create a "nexus element"); *cf. United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997) (discussing application of obstruction-of-justice enhancement based on perjured testimony given in a "related proceeding").

Here, the district court found that Cruz willfully obstructed justice by falsely testifying at the trial of Steven Knowles, the leader of a rival gang, that he had previously pleaded guilty to selling drugs but not to participating in a narcotics conspiracy. However, the district court did not make a finding that the Knowles prosecution was "closely related" to Cruz's offense of conviction, and indeed, the record suggests that it was not. The two trials involved different defendants and different offenses, leading the government to concede that they were not "within the technical definition of the term 'related case.'" App. 45. We conclude that, in the absence of any finding that Cruz's obstructive conduct related to a "closely related offense," the district court's application of the obstruction-of-justice enhancement was in error. Furthermore, the government does not argue that such error was harmless, and the record does not "indicate[] clearly that the district court would have imposed the same sentence in any event." *United States*

*v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted). Accordingly, we vacate Cruz's sentence and remand for resentencing.

In his pro se supplemental brief, Cruz challenges the district court's refusal to apply a three-level reduction for acceptance of responsibility. The Guidelines permit the court to decrease a defendant's offense level by up to three levels where "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "The district court may deny a reduction under § 3E1.1 of the Guidelines based on a credibility determination that the defendant has not accepted responsibility for the offense of conviction." *United States v. Reyes*, 9 F.3d 275, 280 (2d Cir. 1993). In addition, Application note 5 to Section 3E1.1 states: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1 n.5. Here, the district court concluded that Cruz was not entitled to "get the benefit of acceptance of responsibility by telling [it] one thing under oath and then taking the same oath and telling [the judge in the other proceeding] exactly the opposite." App. 70. We find that the sentencing court's determination was fully supported by the facts before it regarding Cruz's false testimony in the separate judicial proceedings.

Cruz also argues, for the first time, that the district court's application of the two-level weapons enhancement was in error. The Guidelines permit a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" in relation to a narcotics crime. U.S.S.G. § 2D1.1(b). We review Cruz's contention under the highly deferential plain-error standard. *See United States v. Doe,* 741 F.3d 359, 364 (2d Cir. 2013). It fails for at least two reasons. First, as the government correctly notes, Cruz waived the right to bring this claim when he expressly consented to the application of a two-level weapons enhancement in his written plea agreement.

4

Second, the uncontested facts in the presentence report provided a sufficient basis for the district court to conclude that Cruz possessed a weapon in furtherance of the charged narcotics conspiracy. Accordingly, we affirm the application of this enhancement.

We have considered Cruz's remaining arguments on these challenges and find them to be without merit. For the reasons stated herein, the district court's decisions regarding the acceptance-of-responsibility reduction and the weapons enhancement are **AFFIRMED**. Because we conclude that the district court's application of the obstruction-of-justice enhancement was in error, we **VACATE** Cruz's sentence and **REMAND** for resentencing in accordance with the foregoing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk