16-493-cr
United States v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand seventeen.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                          No. 16-493-cr

WHYKEE JOHNSON,
*Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:                          Yuanchung Lee, Of Counsel, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

FOR APPELLEE:                           Jessica K. Fender, Michael Ferrara, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 11, 2016, is AFFIRMED.

Defendant Whykee Johnson, who was convicted, based on his guilty plea, of escaping from federal custody, *see* 18 U.S.C. §§ 751(a), 4082, appeals the resulting 27-month, within-Guidelines prison sentence, arguing that the district court committed procedural error in ordering that sentence to run consecutively to an undischarged 2015 state sentence of 18 months to three years for possession of a firearm. In conducting our review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Where, as here, a defendant has not preserved a procedural challenge to his sentence, we review for plain error. *See United States v. Doe*, 741 F.3d 359, 364 (2d Cir. 2013); *see also United States v. Marcus*, 560 U.S. 258, 262 (2010) (stating that plain error requires (1) error; (2) that is clear or obvious; (3) affecting defendant's substantial rights; and (4) seriously impugning fairness, integrity, or public reputation of judicial proceedings).

Johnson fails to demonstrate such error. A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). Johnson argues that the district court relied on the wrong provision of U.S.S.G. § 5G1.3 in imposing sentence. He contends that, because he was

2

not sentenced to the undischarged state prison term until after his escape, the district court erred in imposing a consecutive sentence pursuant to § 5G1.3(a), which states that, "[i]f the instant offense was committed while the defendant was serving a term of imprisonment . . . , the sentence for the instant offense *shall be imposed* to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a) (emphasis added). Johnson maintains that the applicable guideline is § 5G1.3(d), which states that, "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense *may be imposed* to run concurrently . . . or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense," thus providing the district court with more discretion. *Id.* § 5G1.3(d) (emphasis added). Johnson argues that, had the district court recognized its discretion to impose a concurrent sentence, there is a reasonable probability it would have done so.

The argument fails because, even if § 5G1.3(d) applied rather than § 5G1.3(a), Johnson cannot show prejudice. *See Keeling v. Hars*, 809 F.3d 43, 54 (2d Cir. 2015) (stating that, to show plain error affecting substantial rights, litigant must typically show that error was prejudicial, *i.e.*, it must have affected outcome of proceedings); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004) (requiring defendant to show reasonable probability that, but for claimed error, result of proceeding would have been different).[1] First, the record shows that the district court understood that, after *United*

---

[1] Johnson's argument, made for the first time in his reply brief, that *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), permits him to show plain error merely by

3

*States v. Booker*, 543 U.S. 220 (2005), even seemingly mandatory Guidelines such as § 5G1.3(a) were only advisory. *See* App'x 101 ("I am going to follow the *recommendation* of United States Sentencing Guideline 5G1.3(a) and have that sentence run consecutive to the undischarged terms of your other sentences." (emphasis added)).

Second, the district court rejected Johnson's request for concurrent sentences based on its own assessment of the circumstances of the case and not on any Guidelines mandate. When defense counsel suggested that Johnson's undischarged federal and state prison terms were sufficient to punish the instant escape offense, the district court interjected: "But that time is not for this crime. That time is for the underlying . . . felon in possession case before Judge Kaplan. It's for the felon in possession case in the state. I mean, this is a separate crime for escape from federal custody." *Id.* at 96. The court continued:

> It's not all in the same time period. I mean, the crime for which he was sentenced in 2013 occurred, what, in 2012? . . . And then he went to prison,

pointing to an incorrect Guidelines application is waived. *See Bishop v. Wells Fargo & Co.*, 823 F.3d 35, 50 (2d Cir. 2016). In any event, *Molina-Martinez* held only that a defendant need not show additional evidence of prejudice beyond the invocation of an incorrect Guidelines range *in all cases*. *See* 136 S. Ct. at 1346. *Compare id.* ("There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," such as when "[t]he record . . . show[s], for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."), *with id.* at 1347 ("Where, however, the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights."). Here, there is no asserted error in the Guidelines range, but rather in the application of a guideline whose mandatory consecutive sentence was rendered advisory by *United States v. Booker*, 543 U.S. 220 (2005). Moreover, it is clear, for the reasons enunciated below, that the district court believed that running the escape sentence consecutively to the state sentence was appropriate regardless of which subsection of § 5G1.3 formally applied.

and he was put in the halfway house, and what did he do? He tried to bribe someone who worked in the halfway house, escape from federal custody when he didn't get what he wanted, and then went and committed a separate crime, and that's three years after another gun charge, three years after the prior one. So it's not as if it's all from the same conduct. It's different conduct at different times.

*Id.* at 96–97.

Thus, the sentencing record convincingly shows that, whether the applicable guideline was § 5G1.3(a) or § 5G1.3(d), the district court knew that it was within its discretion to impose a consecutive or concurrent sentence and that it did not think the circumstances of Johnson's crime of conviction warranted the latter. *See id.* at 100–01 ("You escape from federal custody, and you commit another crime, another gun crime. . . . This is now your eighth criminal conviction.").

Further, after stating that the sentence in this case would run consecutively to the undischarged terms of Johnson's other sentences, the district court specifically found, as it was required to do, that "this sentence is sufficient but no greater than necessary to comply with the purposes of sentencing set forth in the law in 3553(a)." *Id.* at 101. Indeed, it rejected a defense application to reduce Johnson's sentence by the six months he had been detained pending sentence in this case—time that would be credited toward Johnson's state sentence—further indicating that its imposition of a consecutive sentence was an exercise of the court's discretion, not procedural error in construing § 5G1.3(a) as mandatory. Thus, there was no plain error.

5

Having considered Johnson's remaining arguments and concluding that they are without merit, we AFFIRM the judgment of the district court.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court