16-994
*United States v. Leon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
              RICHARD C. WESLEY,
              CHRISTOPHER F. DRONEY,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

          -v.-                                          16-994-cr

EDWARD A. LEON,

                    *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:    ROBERT J. BOYLE, New York, NY.

FOR APPELLEE:                               STEVEN D. CLYMER, Assistant United
                                            States Attorney (Wayne A. Myers, Grant C.
                                            Jaquith, Paul D. Silver, *on the brief*), *for*
                                            Richard S. Hartunian, United States
                                            Attorney for the Northern District of New
                                            York, Albany, NY.

Appeal from a March 17, 2016, judgment, as amended on March 21, 2016, of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Edward Leon appeals his conviction and sentence for making false statements to a grand jury in its investigation of an arson that resulted in the death of a father and three of his minor children while they slept in an apartment in Schenectady, New York. We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

In May 2013, an arson occurred in a two-family house located at 438 Hulett Street in Schenectady, which quickly spread to the second-floor unit. The occupants of that unit included David Terry, his ex-girlfriend Jennica Duell, their

three minor children, Duell's son from another relationship, and two other men, Christopher Urban and Elshaquan House-Miller. At the time of the fire, however, only Terry, his four children (three of whom perished), Urban, and House-Miller were in the apartment.

Initially, the investigation focused on Robert Butler, Duell's then-boyfriend whom Terry had recently evicted from the second-floor apartment. Law enforcement obtained sworn statements from Duell and Bryan Fish, an associate of Duell and Butler, affirming that they witnessed Butler set the fire at the Hulett Street house. After Duell repeated her account before a federal grand jury, Butler was arrested and charged with arson homicide.

Over the next several months, however, the investigation shifted its attention toward Leon as it was revealed that (1) sometime before the fire, Terry began a romantic relationship with Leon's ex-girlfriend, Brianne Frolke, and (2) Terry had received anonymous, threatening text messages from an unknown number associated with Leon.

Leon testified twice before the grand jury investigating the arson. The first time, Leon denied (1) being in Schenectady on the morning of the fire and (2) having a cell phone with the number from which the threatening messages were

3

sent to Terry. Subsequent investigation suggested Leon's statements before the grand jury were false. Then, during a second appearance before the grand jury, Leon admitted that he had sent threatening messages to Terry and Frolke. Leon further admitted that he was in Schenectady on the morning of the fire, that he observed an on-going fire at the Hulett Street house, and that he left without notifying the police. Leon denied any role in setting the fire, and he has never been charged with the arson.

Based upon his admissions, Leon was indicted on two counts of making false statements to a grand jury. A jury convicted Leon on both counts, and the District Court sentenced him to 120 months' incarceration and three years' supervised release. In this appeal, Leon contends the District Court erred by: (1) admitting irrelevant and prejudicial evidence concerning the origin of the fire; (2) failing to instruct the jury that certain grand jury transcripts were not admitted for their truth; and (3) applying a vulnerable-victim enhancement under U.S.S.G. § 3A1.1 in calculating the applicable guidelines range.

I.    **Evidentiary Rulings**

Leon contends that testimony and photographs concerning the origin of the fire were (1) irrelevant under Federal Rule of Evidence 401 ("Rule 401") and (2)

4

unfairly prejudicial under Federal Rule of Evidence 403 ("Rule 403"). We review evidentiary rulings for abuse of discretion, *Kogut v. Cty. of Nassau*, 789 F.3d 36, 47 (2d Cir. 2015), and reverse only for manifest error, *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010). Even manifest error will not warrant a new trial if the error is harmless—that is, if we "can conclude with fair assurance that the evidence did not substantially influence the jury." *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir. 1992). Here, there was no error—manifest, plain, or otherwise[1]—or abuse of discretion. And even if there was, in light of the substantial evidence of Leon's guilt, any error would have been harmless.

a. *Admissibility under Rule 401*

Under Rule 401, evidence is relevant if: (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. FED. R. EVID. 401. Further, under 18 U.S.C. § 1623(a), a false statement before a grand jury is material if it has a "natural . . . tendency to influence, impede, or dissuade the grand jury from pursuing its investigation." *United States v. Regan*, 103 F.3d 1072, 1084 (2d Cir. 1997) (citations omitted). Materiality is therefore demonstrated if a truthful

---

[1] The Government argues that Leon failed to properly preserve his evidentiary challenges and that plain-error review therefore applies. It matters not, because his claims fail under either standard.

answer could conceivably aid the grand jury's investigation. *Id.* (citations omitted).

Here, evidence concerning the origin of the fire was relevant to the materiality of Leon's false grand jury testimony. Bureau of Alcohol and Firearms and Explosives ("ATF") Agent Melvin Robin testified the fire was intentionally set, which indicated the grand jury was looking for specific persons who could have started the fire. That evidence was relevant to show that Leon's efforts to draw attention away from himself—a suspect with motive and knowledge of the scene—materially undermined the investigation into who had set the fire. Had Leon testified truthfully as to his whereabouts and possession of the number from which the threats originated, it would have aided the grand jury's investigation. For the same reasons, the District Court did not err by admitting the photographs of the fire scene, or ATF Agent Lisa Schwenk's testimony that the fire debris contained two ignitable liquids, as both evidenced that the fire was set intentionally.

b. *Admissibility under Rule 403*

Leon contends testimony from Agents Robin and Schwenk, as well as photographs and diagrams of the fire scene, were cumulative and unfairly

prejudicial under Rule 403. *See* FED. R. EVID. 403 (permitting district courts to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.). Leon's argument is unavailing.

First, for the same reasons set forth in the previous section, the evidence—all of which supported the suggestion that the fire was set intentionally—was probative on the issue of materiality. Second, the evidence was not unfairly prejudicial to Leon. The jury was never shown photographs depicting the victims of the fire, and the District Court instructed the jury that Leon was not being tried for setting the fire. Further, although the photos depicted extensive damage caused by the fire, probative evidence is not inadmissible solely because it "has a tendency to upset or disturb the trier of fact." *United States v. Salameh*, 152 F.3d 88, 123 (2d Cir. 1998) (per curiam).

Finally, even if the evidence was, as Leon suggests, "cumulative of other[], less sensational evidence," Appellant Br. at 28, any error was harmless: there was overwhelming evidence of Leon's guilt.

## II.    Admission of Grand Jury Transcripts

Leon argues that the District Court failed to properly instruct the jury that the transcripts of grand jury testimony from Frolke, Duell, Krystal Ashline, and ATF

7

Agent Mark Meeks were not received for the truth of the matters asserted therein.

We review this claim, raised for the first time on appeal, for plain error. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Here, the transcripts were not offered for their truth, but to show that Leon's false statements were material to the grand jury's investigation. To lessen the potential prejudice of their admission, the District Court specifically instructed the jury that materiality was the basis for the admission of the grand jury transcripts of the other witnesses. Joint Appendix ("J.A.") 447. Because there is no evidence to the contrary, we presume that the jury abided the District Court's instruction. *See United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002). Again, in any event, in light of the overwhelming evidence of Leon's guilt, independent of the transcripts, Leon cannot show that the purported error affected his substantial rights.[2] *See Marcus*, 560 U.S. at 262.

---

[2] Indeed, Leon admitted to investigators and the grand jury that he sent the threatening messages that were described in the Ashline and Duell transcripts; the jury therefore would have heard that evidence regardless. Further, even if the transcripts of Frolke's and Agent Meeks's grand jury testimony bolstered their trial testimony, Leon cannot show that such bolstering was improper or that a more specific instruction would have altered the proceeding, especially in the absence of evidence that the jury failed to follow the instruction.

**III.** **Sentence**

Finally, Leon challenges the procedural reasonableness of the District Court's application of a two-level vulnerable-victim enhancement under U.S.S.G. § 3A1.1. The Government is correct that plain error applies to Leon's sentencing claim due to his failure to object to the applicability of the enhancement on the grounds he argues on appeal.[3] *See United States v. Doe*, 741 F.3d 359, 364 (2d Cir. 2013).

We need not decide whether the District Court erred in applying the enhancement, because Leon cannot show that the purported error "affected [his] substantial rights." *Marcus*, 560 U.S. at 262 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Leon's term of imprisonment was capped by the statutory maximum penalty of 120 months. His guidelines range, with or without the two-level vulnerable-victim enhancement, allowed Judge Sharpe to sentence Leon to the statutory maximum.[4] And regardless of the guidelines range, Judge Sharpe

---

[3] Below, Leon argued that the enhancement did not apply because it exceeded the 30-level cap in U.S.S.G. § 2X3.1(a)(3)(A). Here, however, Leon contends that there is neither a factual basis to support the enhancement nor a sufficient nexus between the enhancement and his criminal conduct. Given the difference in arguments raised below and on appeal, we hold that Leon did not "fairly alert[] the [district] court and opposing counsel to the nature of the claim." *United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 180 (2d Cir. 1990). Thus, plain-error review applies.

[4] Specifically, prior to the two-level vulnerable-victim enhancement, with a base offense level of 30 and a criminal history category of I, Leon's guidelines range was 97-121 months. With the two-level enhancement, his guidelines range became 121-151 months imprisonment.

could have given Leon an above-guidelines sentence of 120 months. *See United States v. Cavera*, 550 F.3d 180, 194 (2d Cir. 2008) (en banc) ("[D]istrict courts have the power to impose sentences both above and below the Guidelines range."). The record leaves no question that Judge Sharpe would have:

> *If there was any way I could sentence you to more than the advisory guidelines here, I would do it, but we're limited by the statutory maximum.* That having been said, the guidelines are eminently reasonable, especially given the fact that I can't sentence you to the guideline sentence because of that statutory maximum but I can sentence you to the maximum sentence, all of which you deserve for the conduct that you engaged in and the harm that you caused here.

J.A. 579 (emphasis added).

As the Supreme Court stated in *Molina-Martinez v. United States*, "[t]he record in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." 136 S. Ct. 1338, 1346-47 (2016). And "[t]he [G]overnment remains free to point to parts of the record—including relevant statements by the judge—to counter any ostensible showing of prejudice the defendant may make." *Id.* at 1347 (internal quotation marks and alterations omitted). That is exactly what the Government did here in its statement of facts and at oral argument: the Government pointed us to an

unequivocal statement by the District Court that defeats any claim of prejudice resulting from the purported error in applying the vulnerable-victim enhancement. *See* Appellee Br. 17. Thus, even if there was plain error, Leon has failed to show prejudice.

We have also considered the remainder of Leon's arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11