*United States v. Diaz*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand nineteen.

PRESENT: BARRINGTON D. PARKER,
RICHARD J. SULLIVAN,
*Circuit Judges,*
KATHERINE POLK FAILLA,
*District Judge.**

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee,*

    v.                                            No. 17-3795-cr

ROBERTO DIAZ, AKA CUTI

    *Defendant-Appellant,*

---

* Judge Katherine Polk Failla of the United States District Court for the Southern District of New York, sitting by designation.

Tory Barnes, Jonathan Martin, Ravi Bishunath,

*Defendants.*

------------------------------------------------------------------

FOR APPELLANT:     STACEY VAN MALDEN (Lawrence A. Dubin, New York, NY, *on the brief*), Bronx, NY.

FOR APPELLEE:     MICHAEL MCGINNIS, Assistant United States Attorney (Stephanie Lake, Daniel B. Tehrani, Assistant United States Attorneys *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Roberto Diaz appeals from a judgment of the district court (Pauley, *J.*) convicting him, after a guilty plea pursuant to a cooperation agreement with the government, of conspiracy to commit arson, in violation of 18 U.S.C. § 371; arson, in violation of 18 U.S.C. § 844(i); and conspiracy to distribute marijuana, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The court sentenced him principally to a term of imprisonment of 60 months on each count, to run concurrently. Although it is undisputed that Diaz made false statements to the government while he was cooperating, Diaz argues on appeal that the government breached the cooperation agreement when it failed to move for a reduction in sentence pursuant to 18 U.S.C. § 3553(e) and Section 5K1.1 of the United States Sentencing Guidelines ("5K1.1 motion"). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In general, "[w]e review a district court's interpretation of a cooperation agreement de novo and examine its related findings of fact for clear error." *United States v. Roe*, 445 F.3d 202, 206 (2d Cir. 2006). If a new argument is raised on appeal, however, we review only for plain error. *See United States v. MacPherson*, 590 F.3d 215, 218 (2d Cir. 2009). "To prevail on plain error review, an appellant must show that (1) there is error, (2) it is plain, (3) it affects a substantial right, and (4) it seriously affects the fairness of the judicial proceedings, resulting in a miscarriage of justice." *Id.* at 218–19; *see also United States v. Marcus*, 560 U.S. 258, 262 (2010).

1. <u>Good Faith</u>

Diaz first argues, as he did in the court below, that the government acted in bad faith in declining to make a 5K1.1 motion. "Cooperation agreements are interpreted according to principles of contract law." *United States v. Doe*, 741 F.3d 359, 362–63 (2d Cir. 2013). Where a defendant contends that the government has breached a cooperation agreement by refusing to make a 5K1.1 motion, we assess whether "the government has lived up to its end of the bargain and whether the government acted fairly and in good faith." *Id.* (quoting *United States v. Fernandez*, 127 F.3d 277, 285–86 (2d Cir. 1997)). Where, as here, "the agreement is conditioned on [the] satisfaction of the obligor, the condition is not met if the obligor is honestly, even though unreasonably, dissatisfied." *Id.* (quotation marks omitted).

We have previously recognized that "a cooperating defendant's truthfulness about his own past conduct is highly relevant to the quality of his cooperation," and a defendant's failure to be truthful provides a good-faith basis for the government to decline to make a 5K1.1 motion. *United States v. Brechner*, 99 F.3d 96, 99 (2d Cir. 1996). Diaz argues that the government acted in bad faith when it credited the testimony of other cooperators over his. But, in reality, the

4

government was not required to weigh competing testimony because Diaz admitted he had not been truthful. Because there is no evidence in the record to suggest that the government was not actually dissatisfied with Diaz's cooperation or was otherwise motivated by a nefarious purpose, we have no reason to second-guess the government's refusal to file a 5K1.1 motion.

## 2. Substantial Performance

Diaz next argues, for the first time on appeal, that he "substantially performed" under the cooperation agreement and that the government therefore acted unreasonably in declining to file a 5K1.1 motion. But as we have previously held, "substantial performance is ordinarily not applicable to excuse the non-occurrence of an express condition precedent." *Doe*, 741 F.3d at 364 (quotation marks omitted). "A court may excuse such a condition to avoid disproportionate forfeiture only if the condition was not a material part of the exchange." *Id.* (citing Restatement (Second) of Contracts § 229).

Neither Diaz nor the government disputes that Diaz assisted the government during the course of his cooperation. But it cannot be doubted that Diaz's dishonesty "diminished [his] reliability and thus inhibited the government's ability to use [him] as a witness in future proceedings." *Id.*

5

Indeed, Diaz did not testify against his co-defendant, which limited the government's ability to use evidence that Diaz had collected. Diaz's dishonesty therefore "was clearly material." *Id.* Accordingly, Diaz provides no basis for compelling the government to enforce the cooperation agreement and make a belated 5K1.1 motion.

We have considered Diaz's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6