24-817-cr
United States v. London

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-five.

PRESENT:   JOSÉ A. CABRANES,
　　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　RICHARD J. SULLIVAN,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　No. 24-817-cr

MAURICE LONDON,

　　　　　*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Marsha R. Taubenhaus, Law Offices of Marsha R. Taubenhaus, New York, NY

FOR APPELLEE: Monica J. Richards, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and DISMISSED in part.

Maurice London appeals from a March 13, 2024 judgment of the United States District Court for the Western District of New York (Sinatra, *J.*) sentencing him principally to a term of 156 months' imprisonment and five years' supervised release following his guilty plea, pursuant to a plea agreement, to one count of possession of 40 grams or more of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). London claims that the Government deprived him of a fair sentencing when it advised the court, with no prior notice to the defense, that the investigation into London arose from a fatal

2

overdose in which the fentanyl could be traced to London. He also challenges a special condition of supervised release requiring that he contribute to the cost of his drug treatment program. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

We first address London's argument that he was deprived of his right to a fair sentencing by the Government's representation at sentencing, without prior notice, that the "genesis of th[e] investigation" leading to London's arrest was the 2021 overdose death of an individual who had been in contact with a man who, in turn, had obtained drugs from London. App'x 108. The Government asserted that London "was ultimately not charged with the overdose death of the individual, because there w[ere] a few things that the [Drug Enforcement Administration] w[as] not able to confirm." App'x 108. London contends that the Government's late disclosure breached the plea agreement, thereby vitiating his appeal waiver, and that his sentence was procedurally unreasonable. He asks that his sentence be vacated and that resentencing be assigned to a new judge. [1]

---

[1] London also argues that he was "deprived of his right to the effective assistance of counsel" by the Government's "failure to provide notice to the defense of its inflammatory allegation." Appellant's Br. 30. In view of our Court's "baseline aversion

3

We construe plea agreements "according to contract law principles, tempered with an awareness of due process concerns for fairness and adequacy and construed strictly against the government." *United States v. Reyes-Arzate*, 91 F.4th 616, 622 (2d Cir. 2024) (cleaned up). In considering whether the Government has breached a plea agreement, "we look both to the precise terms of the plea agreement[] and to the parties' behavior" in order "to determine what the reasonable understanding and expectations of the defendant were." *United States v. Wilson*, 920 F.3d 155, 163 (2d Cir. 2019) (cleaned up). London argues that he "reasonably interpreted the government's reservation of the right to present additional facts as being limited to facts which were *unknown* to the government when it prepared the agreement." Appellant's Br. 27. We are not persuaded.

The provisions of the plea agreement to which London points us preserve the Government's *right* to "provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant" and to "modify its position with respect to any sentencing recommendation or sentencing factor . . . in the event that . . . the government receives previously

<hr>

to resolving ineffectiveness claims on direct appeal," *United States v. Willis*, 14 F.4th 170, 187 n.6 (2d Cir. 2021) (quotation marks omitted), we exercise our discretion to "refrain from deciding it," *id.* London is free to pursue this claim in a future petition under 28 U.S.C. § 2255. *See United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006).

4

unknown information." App'x 26. The agreement does not impose an *obligation* on the Government to disclose all the information and arguments on which it intends to rely at sentencing, let alone disclose that material to London. In any event, the Government did not use the challenged information to "press the [District] Court for an enhanced offense level" over that which was already contemplated in the plea agreement. *United States v. Palladino*, 347 F.3d 29, 34 (2d Cir. 2003). The Government ultimately recommended a sentence within the agreed Sentencing Guidelines range of 130-162 months, and London received a sentence of 156 months' imprisonment. App'x 103, 118. London's claim that the Government breached the plea agreement thus fails because he cannot show any "Government[] deviation" from the plea agreement that "produce[d] serious unfairness." *United States v. Helm*, 58 F.4th 75, 84–85 (2d Cir. 2023) (quotation marks omitted).

We also reject London's argument that his sentence was procedurally unreasonable.[2] Because London failed to object at sentencing, "rigorous plain

---

[2] The parties dispute whether London's five-year term of supervised release, which exceeds the range contemplated in the plea agreement's appeal waiver provision, renders the waiver unenforceable in its entirety or whether the waiver may be enforced with respect to any challenge to London's term of imprisonment, which *did* fall within the contemplated range. We need not resolve that dispute, however, because "[e]ven

error analysis is appropriate." *United States v. Doe*, 741 F.3d 359, 364 (2d Cir. 2013) (quotation marks omitted). Contrary to London's arguments, the District Court did not err by selecting a sentence "based on clearly erroneous facts." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013). Here, the District Court stated that it could "disregard [] for the purposes of sentencing" the Government's assertion about the overdose death and would not permit the assertion to influence the sentence. App'x 111. Because "the record indicates clearly that the district court would have imposed the same sentence in any event," any error "may be deemed harmless." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (quotation marks omitted).

As noted above, London also challenges the requirement that he contribute to the cost of the substance abuse treatment program imposed as a special condition of supervised release. *See* App'x 134. Because London had notice that this condition could be imposed but failed to object at sentencing, we review for plain error. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).

---

assuming that the waiver is unenforceable and that we may reach the merits of [London's] challenge, we would affirm the judgment of the district court." *United States v. Adams*, 768 F.3d 219, 224 (2d Cir. 2014).

On appeal, London insists that the contribution requirement conflicts with the District Court's decision to forego imposing a fine and to spare him from paying the cost of imprisonment or supervised release "because [the court did] not believe . . . London ha[d] the financial ability to make such payments." App'x 120. But because it is unclear whether London will require these services, what the cost of these services will be, and whether he will be able to afford those costs upon his release from prison, this issue is not ripe for review. *See United States v. Birkedahl*, 973 F.3d 49, 56 (2d Cir. 2020). In any event, we generally construe cost-contribution conditions to be "contingent upon a finding that [the defendant] is able to pay such a contribution." *United States v. Rasheed*, 981 F.3d 187, 198–99 (2d Cir. 2020). And here London "retains the ability to later move to modify or terminate the condition under 18 U.S.C. § 3583(e)." *Id.* at 199. For those reasons, we would decline to vacate the challenged special condition even if it were ripe for review.

We have considered London's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED as to London's challenge to his terms of imprisonment and supervised release and DISMISSED as to his challenge to the cost-contribution special condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court