25-693-cr
*United States of America v. Trent*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-six.

PRESENT:
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*
> **JEANNETTE A. VARGAS,**
> *District Judge.*\*

_____

**United States of America,**

> *Appellee,*

> **v.**                                                                              **No. 25-693-cr**

**Tamien Trent, AKA Taim,**

_____

\* Judge Jeannette A. Vargas, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellant.*[†]

_____

FOR DEFENDANT-APPELLANT:   JONATHAN ROSENBERG, Rosenberg Law Firm, Brooklyn, NY.

FOR APPELLEE:   MARK E. MISOREK, Assistant United States Attorney (Dylan A. Stern, Assistant United States Attorney, *on the brief*), *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Tamien Trent pled guilty pursuant to a cooperation agreement with the Government. After Trent admitted to testifying falsely in a federal murder trial, the Government declined to move for a downward departure under § 5K1.1 of the Sentencing Guidelines on his behalf. The district court

---

[†] The Clerk of Court is respectfully directed to amend the caption as set forth above.

sentenced Trent to fifteen years in prison, plus five years of supervised release. On appeal, Trent argues that the Government breached the cooperation agreement when it refused to move for a downward departure. He also argues that the district court violated his due process rights when it declined to hold an evidentiary hearing about the breach. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

\* \* \*

"We review a district court's interpretation of a cooperation agreement de novo and examine its related findings of fact for clear error." *United States v. Roe*, 445 F.3d 202, 206 (2d Cir. 2006). Generally, when a defendant argues that the Government has breached a cooperation agreement by refusing to make a motion pursuant to 18 U.S.C. § 3553(e), "we will look to see if the government has lived up to its end of the bargain and whether the government acted fairly and in good faith." *United States v. Doe*, 741 F.3d 359, 362 (2d Cir. 2013) (quotation marks omitted). A defendant's failure to be truthful "provide[s] good faith grounds for refusing to move for a downward departure." *United States v. Brechner*, 99 F.3d

96, 99–100 (2d Cir. 1996); *see also United States v. Pollack*, 91 F.3d 331, 336 (2d Cir. 1996).

## I. Good Faith

Trent argues that the Government acted in bad faith when it refused to make a § 3553(e) motion on his behalf. We disagree. Trent testified falsely during a federal murder trial. He said that he overheard an incriminating admission by the defendant when he did not. When federal agents confronted him about it two years later, Trent admitted that "he lied because he wanted to help" and apologized. App'x 67. Trent therefore violated a key provision of his cooperation agreement, which required that he give "complete, truthful, and accurate information and testimony." App'x 156. The Government acted in good faith when it refused to move under § 3553(e) on that basis. *See Brechner*, 99 F.3d at 100; *Pollack*, 91 F.3d at 336.

We are not persuaded by Trent's arguments to the contrary—i.e., that because his testimony was intended to "strengthen the government's case" and the Government ultimately secured a conviction against the defendant without it, Trent did not materially breach his cooperation agreement. Appellant's Br. 24–25. We have never held that a defendant does not breach his cooperation

4

agreement by lying if he has good reasons for doing so. Indeed, such a holding would undermine the utility of cooperation agreements by casting doubt on useful testimony by cooperators. Moreover, the Government secured a conviction without Trent's testimony *because* his false testimony "so undercut his credibility" that the Government could not use him as a witness in the defendant's subsequent retrial. *See United States v. Fernandez*, 127 F.3d 277, 286 (2d Cir. 1997). The Government was therefore plainly "within its rights in refusing to move for a downward sentencing departure" on Trent's behalf. *Brechner*, 99 F.3d at 100.

## II. Due Process

Trent also argues that he was entitled to an evidentiary hearing on the Government's bad faith, and that the district court violated his due process rights when it declined to hold one. Again, we disagree.

The *Khan* procedure determines whether a hearing on bad faith is "necessary" in the district court. *United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir. 1992) (citing *United States v. Khan*, 920 F.2d 1100, 1106 (2d Cir. 1990)). Under that procedure, a hearing is only required if, after the Government gives its reasons for refusing to make a § 3553(e) motion, the defendant makes "a showing of bad faith sufficient to trigger" one. *Khan*, 920 F.2d at 1106.

5

Trent did not. After Trent asserted that the Government was acting in bad faith, the Government submitted a copy of Trent's cooperation agreement, a transcript of Trent's false testimony, a federal agent's handwritten notes documenting Trent's admission to that false testimony, and a letter disclosing that false testimony to defense counsel in the underlying murder trial. The district court correctly held that Trent's response to the Government's explanation, which in no way undermined Trent's own admission to lying under oath, did little to "place the issue of the prosecutor's good faith reasonably in dispute." *Id.* at 1102.

The fact that the district court initially "promised" Trent an evidentiary hearing does not change the analysis. Appellant's Br. 19. District courts are "not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes." *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005). In fact, even when a defendant is entitled to a *Khan* hearing, whether that hearing should be "merely oral argument or should include a formal evidentiary hearing is a matter that lies within the sound discretion of the district court." *Knights*, 968 F.2d at 1487. Here, the district court did not abuse its discretion when, after hearing extended

6

oral argument from Trent's counsel and proffers regarding the substance of the anticipated testimony, it declined to take testimony that would confirm, not disprove, that Trent had testified falsely.

*     *     *

We have considered Trent's remaining arguments and conclude that they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court