12 F.3d 176
 63 Fair Empl.Prac.Cas. (BNA) 906,
63 Empl. Prac. Dec. P 42,806, 62 USLW 2450
 Dorothea O'DRISCOLL, Plaintiff-Counter-Defendant-Appellant,
v.
HERCULES INC., a Delaware corporation; John F. Baker;
Edward D. McDonald, Defendants-Counter-Claimants-Appellees.
 No. 92-4164.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 5, 1994.
 
 Phillip B. Shell of Day & Barney, Murray, UT, for plaintiff-counter-defendant-appellant.
 Keith E. Taylor (Spencer C. Austin, Douglas R. Davis with him on the brief), of Parsons, Behle & Latimer, Salt Lake City, UT, for defendants-counter-claimants-appellees.
 Before BALDOCK, BARRETT, and EBEL, Circuit Judges.
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Dorothea O'Driscoll appeals the district court's grant of summary judgment in favor of Defendants, 745 F.Supp. 656. The district court certified the judgment in this multiple-claim litigation under Fed.R.Civ.P. 54(b), and we exercise jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 2
 Plaintiff was employed as a Quality Control Inspector for Hercules, Inc. Bacchus Works in Magna, Utah ("Hercules") from January 7, 1980 until she was terminated on April 25, 1986. Upon termination, Plaintiff filed suit against Hercules and others alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., the Fair Labor Standards Act, 29 U.S.C. Secs. 201-219, as well as violations of state law including breach of employment contract and wrongful termination.
 
 
 3
 While preparing for trial, Hercules discovered evidence of misconduct on the part of Plaintiff that it was unaware of when it terminated Plaintiff. The uncontroverted after-acquired evidence of misconduct included the following: (1) on her employment application, Plaintiff misrepresented her age so as to appear five years younger, falsely represented that she had never previously applied for employment with Hercules, and failed to disclose a previous employer; (2) on her pre-employment forms, Plaintiff misrepresented her age, date of graduation from high school, ages of her children, and falsely represented that she had completed two quarters of study at Salt Lake City Technical College; (3) on her application for membership with Blue Cross-Blue Shield of Utah, Plaintiff misrepresented the age of her son, who would have been otherwise ineligible for coverage as Plaintiff's dependant; and (4) on her "Application and Authorization for Access to Confidential Information" ("Security Clearance"), a United States Government form, Plaintiff misrepresented her age.
 
 
 4
 In support of its motion for summary judgment, Hercules provided evidence of the foregoing misrepresentations made by Plaintiff as well as a copy of Plaintiff's employment application which contained the following language above Plaintiff's signature:
 
 
 5
 I understand that any misrepresentation made by me herein may result in the cancellation of this employment application, withdrawal of any offer of employment or if already employed by Hercules [ ] termination of employment without any obligation or liability to me other than payment of the rate agreed upon for services actually rendered.
 
 
 6
 Hercules also submitted a copy of Plaintiff's Security Clearance form which read:
 
 
 7
 I certify that I know that any misrepresentation or false statement made by me herein may subject me to prosecution under Title 18, United States Criminal Code, Sections 911 and 1001 with penalties up to five (5) years imprisonment and $10,000 fine.
 
 
 8
 Plaintiff's signature appeared directly beneath this language. In addition, Hercules provided affidavits by two former Vice Presidents of Hercules wherein each asserted that Plaintiff would have been terminated if Hercules had known of Plaintiff's misrepresentations. Finally, Hercules presented evidence that terminating Plaintiff for the misconduct would have been consistent with company policy.
 
 
 9
 In defense of Hercules' summary judgment motion, Plaintiff provided evidence of misconduct on the part of various employees which did not result in their termination. These incidents included unexcused absences, false statements concerning an employee's whereabouts while on duty, falsification of time cards, tardiness, and sleeping while on duty. Plaintiff also pointed to a statement in Hercules' Management Manual Procedure indicating that, unless otherwise stated, violations that occurred more than twelve months prior to a current violation should not be considered by the supervisor in determining the disciplinary action for the current violation.
 
 
 10
 The district court, relying on Summers v. State Farm Mutual Automobile Ins. Co., 864 F.2d 700 (10th Cir.1988), granted Defendants' motion for summary judgment. The court determined that under Summers, Plaintiff's employment claims failed because even if she was unjustly terminated, she had no right to a remedy due to Hercules' unrefuted evidence that it would have terminated Plaintiff had it known of Plaintiff's misconduct.
 
 
 11
 On appeal, Plaintiff claims the district court erred in granting Hercules' motion for summary judgment with respect to her age discrimination, breach of contract, and wrongful termination claims because (1) Plaintiff's conduct was not serious and pervasive, (2) Plaintiff's misrepresentations on her employment application and pre-employment forms were not material, and (3) there remained a genuine issue of material fact regarding whether Hercules would have terminated Plaintiff if it had known of her misconduct.[1] Plaintiff does not dispute the district court's conclusion that Summers applies to claims for breach of contract and wrongful termination; rather, Plaintiff claims that the court erred in applying Summers to these facts. We review the district court's grant of summary judgment de novo, applying the same standard as the district court. Osgood v. State Farm Mut. Auto Ins. Co., 848 F.2d 141, 143 (10th Cir.1988).
 
 
 12
 Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, we do not weigh the evidence; rather, we determine whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), see also Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Once the movant points to those portions of the record which demonstrate an absence of a genuine issue of material fact, the burden shifts to the nonmovant to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
 
 
 13
 In Summers, the plaintiff employee sued his employer, claiming he was terminated because of his religion and age. 864 F.2d at 701-02. Prior to being terminated, Summers had been placed on probation for falsifying several claims documents, and had been warned that he would be terminated if he engaged in further falsifications. Id. at 702. After several months, Summers was terminated for reasons unrelated to the claim falsifications. Id. at 702-03. During preparation for trial, the employer discovered that Summers had falsified over 150 documents, including eighteen that were falsified after Summers' probation. Id. at 702. The employer moved for summary judgment, arguing that even if Summers could prove that he was terminated for discriminatory reasons, Summers should have no remedy because the employer had an independent basis for terminating him and would have terminated him had it known of the misconduct. Id. at 704. We agreed with the employer that the after-acquired evidence of Summers' misconduct could be considered stating:
 
 
 14
 [W]hile such after-acquired evidence cannot be said to have been a "cause" for Summers' discharge in 1982, it is relevant to Summers' claim of "injury," and does itself preclude the grant of any present relief to Summers.... The present case is akin to the hypothetical wherein a company doctor is fired because of his age, race, religion, and sex and the company, in defending a civil rights action, thereafter discovers that the discharged employee was not a "doctor." In our view, the masquerading doctor would be entitled to no relief, and Summers is in no better position.
 
 
 15
 Id. at 708. Accord Washington v. Lake County, 969 F.2d 250 (7th Cir.1992); Johnson v. Honeywell Info. Sys., Inc., 955 F.2d 409 (6th Cir.1992). But see Wallace v. Dunn Constr. Co., 968 F.2d 1174 (11th Cir.1992) (rejecting Summers approach).
 
 
 16
 Plaintiff first claims that the district court erred in applying Summers because Plaintiff's conduct was not "serious and pervasive." We reject this claim because under Summers, there is no threshold requirement of serious and pervasive misconduct. Rather, for after-acquired evidence of employee misconduct to bar relief in a termination case, Summers merely requires proof that (1) the employer was unaware of the misconduct when the employee was discharged; (2) the misconduct would have justified discharge; and (3) the employer would indeed have discharged the employee, had the employer known of the misconduct. See Summers, 864 F.2d at 708; see also Johnson, 955 F.2d at 414. Furthermore, we disagree with Plaintiff's characterization of her conduct as "not meaningful" and "isolated." Plaintiff's multiple misrepresentations included a false statement on a Security Clearance form which contained a warning that such a statement was a federal felony, and a misrepresentation concerning the age of her youngest son, which allowed him to wrongfully obtain coverage under her health insurance plan.[2] Thus, Plaintiff's repeated misrepresentations demonstrated a pattern of dishonesty and disregard for the truth.
 
 
 17
 Plaintiff also claims that summary judgment was inappropriate because her misrepresentations on her employment application and pre-employment forms were not material. In other words, Plaintiff argues that Hercules would not have been justified in terminating Plaintiff for these misrepresentations. In support of this argument, Plaintiff cites Johnson, 955 F.2d 409, in which the Sixth Circuit held that summary judgment is not appropriate in a case of resume fraud unless the misrepresentation or omission was material--i.e., the employer would not have hired the employee if it had known the truth. Id. at 414. We need not address whether resume fraud requires such a showing of materiality, however, because Plaintiff's resume misrepresentations were not the only misrepresentations Hercules relied upon in asserting that Plaintiff would have been fired. Plaintiff also lied, under penalty of law, on her Security Clearance form and on her application for health insurance. In light of the seriousness of these misrepresentations, the sheer number of misrepresentations indicating Plaintiff's general disregard for the truth, the sensitivity of her position with Hercules as a Quality Control Inspector, and Hercules' reservation of the right to discharge any employee making a misrepresentation on an employment application, we conclude that Plaintiff's misconduct would have justified her termination.
 
 
 18
 Finally, Plaintiff claims that a genuine issue of material fact existed as to whether Hercules would have terminated Plaintiff if it had known of her misconduct. Hercules provided affidavits by company management personnel that Plaintiff would have been terminated immediately if the company had discovered Plaintiff's misrepresentations. Hercules further supported this claim by relying on the language in Plaintiff's employment application that she may be terminated for any misrepresentations, as well as language in Hercules' procedure manual which demonstrated that termination based on Plaintiff's misconduct would have been consistent with company policy. Upon this showing, the burden shifted to Plaintiff to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553.
 
 
 19
 We conclude that Plaintiff failed to point to any evidence that created an issue of fact regarding whether Hercules would have fired Plaintiff had it known of her repeated misrepresentations. That portion of Plaintiff's evidence, which consisted of incidents involving other employees who were guilty of misconduct yet were not terminated, does not rebut Hercules' claim that Plaintiff would have been fired. Plaintiff has presented no evidence that Hercules failed to terminate an employee for misconduct equivalent to her series of misrepresentations. Plaintiff's evidence of employee misconduct involving unexcused absences, tardiness, and sleeping while on duty are simply unrelated to Plaintiff's misconduct. Moreover, Plaintiff's evidence of misrepresentations by other employees involved relatively minor infractions such as false statements concerning an employee's whereabouts while on duty, not such serious matters as false statements on an employment application, a Security Clearance form, or false statements leading to unwarranted health insurance coverage for a dependant. Furthermore, Hercules' stated policy that violations occurring more than twelve months prior to a current violation should not be considered in determining the disciplinary action for the current violation also does not help Plaintiff. This policy statement refers only to violations occurring more than twelve months earlier that were known to Hercules. Plaintiff presented no evidence that Hercules had a policy of forgiving unknown violations more than twelve months old. Plaintiff has therefore failed to make "a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. at 2552.
 
 
 20
 In summary, we conclude that, under Summers, Hercules' after-acquired evidence of Plaintiff's misconduct precludes Plaintiff from obtaining relief for her termination. This is so because Hercules successfully demonstrated that it did not know of Plaintiff's misconduct when she was terminated, it would have been justified in terminating Plaintiff for the misconduct, and it would, in fact, have terminated Plaintiff had it known of her misconduct.[3]
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 At oral argument, Plaintiff also asserted that we should modify Summers so that it did not operate to completely bar recovery in an employment discrimination suit. However, even if we agreed with Plaintiff's position, a three-judge panel cannot disregard or overrule circuit precedent. United States v. Spedalieri, 910 F.2d 707, 710 n. 3 (10th Cir.1990)
 
 
 [2]
 As a result of Plaintiff's misrepresentations concerning her son's age, Hercules paid $2,249.82 in extra insurance premiums over and above what it would have been required to pay for individual coverage
 
 
 [3]
 In light of our holding, we do not address Hercules' alternative argument that it would not have hired Plaintiff had it known of her employment application misrepresentations