17-0685-cr
United States v. Gordon

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand eighteen.

PRESENT: GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                    No. 17-0685-cr

LAWFORD GORDON,

*Defendant-Appellant.*

------------------------------------------------------------------


FOR APPELLANT:          Donald duBoulay, Law Office of Donald
                        duBoulay, New York, NY.

FOR APPELLEE:     Brooke E. Cucinella and Anna M. Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, Interim United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Lawford Gordon appeals from a judgment of the District Court (Griesa, <u>J.</u>) convicting him of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), and sentencing him principally to fifteen years of imprisonment and five years of supervised release.   Because Gordon did not raise his objections in the District Court, we review the District Court's judgment for plain error.   <u>See</u> <u>United States v. Doe</u>, 741 F.3d 359, 364 (2d Cir. 2013); <u>United States v. Danielson</u>, 199 F.3d 666, 671 (2d Cir. 1999).   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. <u>Applicability of ACCA</u>

Gordon first argues that the District Court erred in concluding that ACCA

2

fixed a fifteen-year mandatory minimum sentence for his conviction for unlawful firearm possession. He asserts that the prior New York State convictions charged in his indictment do not qualify as "serious drug offenses," 18 U.S.C. § 924(e)(1), because they were subject to a maximum term of only nine years when he was convicted, not the ten years required by ACCA, id. § 924(e)(2)(A)(ii). As Gordon concedes in his reply brief, however, his prior convictions—all class B felonies—were each punishable by a maximum term greater than ten years when he was convicted if he was considered a recidivist. Appellant Reply Br. 2–3. Because Gordon had already been convicted of a class C drug felony in an earlier prosecution, the maximum term of incarceration for his State convictions was twelve years pursuant to an applicable recidivism enhancement. See N.Y. Penal Law §§ 70.06, .70(1)(b), .70(3)(b)(i).

Gordon objects that the maximum term of imprisonment for his State convictions was nine years unless the State court actually found that he was a recidivist. Although he claims that no such finding is in the record, the judgments of conviction for Gordon's three 2005 offenses make clear that the

State court sentenced Gordon as a second felony offender.[1]   Accordingly, these convictions qualified as "serious drug offenses" under ACCA, and the District Court properly determined that Gordon was subject to a fifteen-year minimum sentence.   See United States v. Rodriquez, 553 U.S. 377, 382–83 (2008).

2.   Procedural Reasonableness

Gordon also challenges the procedural reasonableness of his sentence. First, he asserts that the District Court did not calculate the applicable sentence range under the United States Sentencing Guidelines.   On plain error review, Gordon has failed to show that this purported error affected his substantial rights.   Because Gordon was subject to, and received, ACCA's mandatory minimum sentence, there is no "reasonable probability that the error affected the outcome" of the sentencing proceeding.   United States v. Marcus, 560 U.S. 258, 262 (2010).

Second, Gordon asserts that the District Court did not adequately consider the sentencing factors specified in 18 U.S.C. § 3553(a).   We disagree.   "[W]e presume, in the absence of record evidence suggesting otherwise, that a

---

[1] We take judicial notice of these judgments of conviction pursuant to Federal Rule of Evidence 201.

4

sentencing judge has faithfully discharged her duty to consider the statutory factors." United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007).

Finally, Gordon asserts that the District Court did not adequately explain its decision to impose the maximum period of supervised release permitted by law. Here, the record shows that the District Court considered Gordon's criminal history and hoped that Gordon would avoid another prison sentence after serving his fifteen-year term. Under these circumstances, see United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012), we are satisfied that the District Court "considered the parties' arguments" and had "a reasoned basis for exercising its own legal decisionmaking authority," United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quotation marks omitted).

We have considered Gordon's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5