19-1867-cv
Williams v. County of Nassau

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty.

PRESENT:  PIERRE N. LEVAL,
                    RAYMOND J. LOHIER, JR.,
                    JOSEPH F. BIANCO,
                              *Circuit Judges*.

------------------------------------------------------------------

MARY WILLIAMS,

                    *Plaintiff-Appellant*,

          v.                                                  No. 19-1867

COUNTY OF NASSAU, MARY ELIZABETH
OSTERMANN, IN HER INDIVIDUAL AND
OFFICIAL CAPACITY, ANTONIO PATINO,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
SERGEANT STEVEN O'MALLEY, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY,
ACTING SHERIFF MICHAEL J. SPOSATO, IN HIS

INDIVIDUAL AND OFFICIAL CAPACITY,
OFFICER PHIL LONIGRO, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY,

   *Defendants-Appellees.**

------------------------------------------------------------------

FOR PLAINTIFF-
APPELLANT:            Stephen Bergstein, Bergstein &
                   Ullrich, LLP, New Paltz, NY,
                   Frederick K. Brewington, Law
                   Offices of Frederick K.
                   Brewington, Hempstead, NY.

FOR DEFENDANTS-
APPELLEES:            Deanna Panico, Michael P.
                   Siravo, Bee Ready Fishbein
                   Hatter & Donovan, LLP,
                   Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

---

* The Clerk of Court is directed to amend the caption as set forth above.

Mary Williams, a correctional officer, appeals from a judgment of the District Court (Hurley, J.) granting summary judgment in favor of the Defendants-Appellees and dismissing her claims of hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C § 1981 and § 1983. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, Williams argues primarily that the District Court failed to consider the totality of the factual circumstances to determine whether her work environment was sufficiently hostile or abusive to give rise to a claim under Title VII and under sections 1981 and 1983. See Leibovitz v. N.Y.C. Transit Auth., 252 F.3d 179, 188 (2d Cir. 2001). Williams also argues that the District Court erred in dismissing her retaliation claims when the record showed that her employer's explanations for its conduct were pretextual.

For substantially the reasons provided by the District Court in its thorough May 28, 2019 memorandum and order, we agree that the existence of the carvings at issue, though highly offensive, were not under the specific

circumstances here "sufficiently severe or pervasive to alter the conditions of [Williams's] employment and create an abusive working environment." Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004) (quotation marks omitted). There is no record evidence that any employees of Nassau County were responsible for the carvings that Williams claims created the hostile work environment, see id. at 150, and Williams concedes that non-County employees and inmates had access to the medical unit where the carvings were located. Williams argues that the District Court failed to consider, as part of the totality of the circumstances surrounding the offensive carvings, the way she was treated by two coworkers, but there is no basis in the record for inferring that these race-neutral incidents were motivated by Williams's race. See Kaytor v. Elec. Boat Corp., 609 F.3d 537, 548 (2d Cir. 2010). We also agree with the District Court that Williams's retaliation claims fail as a matter of law because she did not produce evidence from which a reasonable jury could infer that her employer's non-retaliatory explanations for its actions were pretext for retaliation. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845–46 (2d Cir. 2013).

We have considered Williams's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5