19-2236-cv
Johnson-Gellineau v. Stiene & Associates, P.C., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
    MICHAEL H. PARK,
     *Circuit Judges,*
    JED S. RAKOFF,*
     *Judge.*

------------------------------------------------------------------

NICOLE JOHNSON-GELLINEAU,

   *Plaintiff-Appellant,*

  v.           No. 19-2236-cv

STIENE & ASSOCIATES, P.C., CHRISTOPHER VIRGA, ESQ., RONNI GINSBERG, ESQ., JPMORGAN CHASE BANK NATIONAL

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

ASSOCIATION, WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES,

*Defendants-Appellees*.

------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Nicole Johnson-Gellineau, *pro se*, Beacon, NY. |
| FOR DEFENDANTS-APPELLEES STIENE & ASSOCIATES, P.C., CHRISTOPHER VIRGA, ESQ., RONNI GINSBERG, ESQ.: | Matthew J. Bizzaro, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY. |
| FOR DEFENDANTS-APPELLEES JPMORGAN CHASE BANK NATIONAL ASSOCIATION, WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES: | Brian P. Scibetta, McCalla Raymer Leibert Pierce, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Nicole Johnson-Gellineau, appearing pro se, appeals from a judgment entered June 27, 2019 by the United States District Court for the Southern District of New York (Karas, J.), dismissing her claims against Defendants-Appellees Stiene & Associates, P.C. ("Stiene"), former Stiene attorneys Christopher Virga and Ronni Ginsberg (together with Stiene, the "Attorney Defendants"), JPMorgan Chase Bank National Association ("Chase"), and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("Wells Fargo," and, together with Chase, the "Bank Defendants"). In her Amended Complaint, Johnson-Gellineau alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The District Court granted with prejudice the Bank Defendants' motion to dismiss and the Attorney Defendants' motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

In evaluating a motion to dismiss pursuant to Rule 12(b)(6) or a motion for judgment on the pleadings pursuant to Rule 12(c), a court must accept all facts

set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.   See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 78 (2d Cir. 2015).   To survive either motion, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   WC Capital Mgmt., LLC v. UBS Secs., LLC, 711 F.3d 322, 328 (2d Cir. 2013) (quoting Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009)).   We liberally construe pro se filings to raise the strongest claims they suggest.   See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).   We review de novo the dismissal of Johnson-Gellineau's claims under Federal Rules of Civil Procedure 12(b)(6) and 12(c).   Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016); Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010).

1.   The Bank Defendants

We agree with the District Court that the claims against the Bank Defendants must be dismissed.   Johnson-Gellineau challenges the District Court's conclusion that Wells Fargo, in its capacity as trustee, did not act as a "debt collector" within the meaning of the FDCPA as her claim requires, but instead acted as a "creditor."   See 15 U.S.C. §§ 1692a, 1692e.   Regardless,

4

Johnson-Gellineau fails to plausibly plead that Wells Fargo "use[d] any false, deceptive, or misleading representation or means in connection with the collection of [her] debt," in violation of 15 U.S.C. § 1692e. Johnson-Gellineau challenges only two representations, both of which are filings in related foreclosure proceedings that identify Wells Fargo, in its capacity as trustee, as the party to whom she owes a specified debt. Johnson-Gellineau's argument that these representations were false or misleading is contradicted by the judgment of foreclosure against her and therefore is barred by virtue of issue preclusion.

We also agree with the District Court's conclusion that Chase was not a debt collector because the loan was not in default when Chase became a servicer to the mortgage. See 15 U.S.C. § 1692a(6)(F)(iii); Roth v. CitiMortgage Inc., 756 F.3d 178, 183 (2d Cir. 2014). The District Court reasoned that Johnson-Gellineau acknowledged that EMC Mortgage Corp. ("EMC") serviced her loan prior to her default, that all of EMC's residential mortgage loan servicing rights were transferred to Chase pursuant to a judicially noticeable consent order, and that Chase therefore stood in EMC's shoes as the pre-default loan servicer. Johnson-Gellineau contends that the District Court's reasoning is wrong for three reasons,

5

none of which is persuasive. Contrary to Johnson-Gellineau's first contention, the District Court was permitted to take judicial notice of the consent order. See Fed. R. Evid. 201(b); Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000). Johnson-Gellineau next argues that statutory exceptions to the definition of "debt collector" are affirmative defenses. But our precedent requires plaintiffs to plead that the exceptions do not apply. See Roth, 756 F.3d at 183 ("[T]he amended complaint does not allege that CitiMortgage acquired Roth's debt after it was in default and so fails to plausibly allege that CitiMortgage qualifies as a debt collector under FDCPA."). Finally, Johnson-Gellineau contends that there is no evidence that EMC's servicing rights were transferred to Chase. But the plain text of the consent order provides that all of EMC's residential mortgage servicing rights were transferred to Chase. Johnson-Gellineau does not otherwise dispute that Chase stood in EMC's shoes and is therefore deemed to have been the loan servicer prior to default.

2. The Attorney Defendants

Johnson-Gellineau alleges that the Attorney Defendants violated at least two, and perhaps three provisions of the FDCPA. We conclude that the District

6

Court properly granted the Attorney Defendants' motion for judgment on the pleadings as to all alleged violations.

She first asserts that the Attorney Defendants violated 15 U.S.C. § 1692c(b) by communicating with the Dutchess County clerk in connection with foreclosure proceedings. We agree with the District Court that such communications do not violate § 1692c(b), which prohibits debt collectors from communicating with third parties in connection with collection of the debt without the prior consent of the debtor or the express permission of a court of competent jurisdiction. See Heintz v. Jenkins, 514 U.S. 291, 296 (1995) ("[I]t would be odd if the Act empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt."); Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 83 (2d Cir. 2018) (noting that "mortgage foreclosure is contemplated" by the FDCPA).

The District Court also correctly determined that Johnson-Gellineau failed to plausibly plead that the Attorney Defendants' communications with the Dutchess County clerk included a false, deceptive, or misleading representation,

in violation of 15 U.S.C. § 1692e. The only representation that Johnson-Gellineau challenges is the Attorney Defendants' statement that her debt was owed to Wells Fargo. As explained, this argument is precluded by the judgment of foreclosure.

Johnson-Gellineau also alleges that the Attorney Defendants made a false, deceptive, or misleading representation by failing to include the name of the creditor to whom the debt is owed in their "initial communication," as required by 15 U.S.C. § 1692g(a). Liberally construed, the Amended Complaint alleges that the filings in the foreclosure action constituted the initial communication, but § 1692g(d) provides that "formal pleading[s] in a civil action" are not "initial communication[s]" that trigger the statutory notice requirements.

3. <u>Leave to Replead</u>

In the alternative, Johnson-Gellineau argues that she should be permitted to file a second amended complaint that alleges additional details about an adverse document attached to the original complaint and omitted from the Amended Complaint. Although the District Court mentioned this document, it expressly did not rely upon it. Because the document is unnecessary to support

8

the District Court's dismissal of this action, Johnson-Gellineau's proposed amendment is futile. The District Court did not err when it denied leave to replead. See Cuoco v. Moitsugu, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Johnson-Gellineau's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9